70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin A. NICKLES, Defendant-Appellant.
 No. 94-5934.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 29, 1995.
Decided: November 28, 1995.
 
 ARGUED: Melanie Carstairs Eyre, Fairfax, VA, for Appellant. Robert Clifford Chesnut, Assistant United States Attorney, Office of the United States Attorney, Alexandria, VA, for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney, Alexandria, VA, for Appellee.
 Before HALL and NIEMEYER, Circuit Judges, and BEATY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kevin Nickles appeals an order of the district court denying his motion to compel the government to file a motion for reduction of sentence under Fed.R.Crim.P. 35(b). Finding no error, we affirm.
 
 I.
 
 2
 Kevin Nickles was a major marijuana importer. On September 3, 1992, he was arrested along with five others. He was charged with conspiracy to distribute more than 1,000 kilograms of marijuana. His five compatriots, including his common-law wife, immediately began to cooperate with investigators. Nickles boasts that much of the information they gave the government came from him, but he himself remained silent pending consultation with counsel.
 
 
 3
 On September 24, a lawyer was appointed for him. Over a month was consumed by plea negotiations. A plea agreement was finally signed, and a guilty plea entered, on October 30. In the agreement, the government promised to move for a reduction in Nickles' sentence for substantial assistance[1] if, in the government's "sole discretion," it felt that he had provided such assistance. Nickles waived his right to appeal any sentence imposed at or beneath the statutory maximum.
 
 
 4
 A series of four face-to-face debriefings was held. The government found that the information provided by Nickles was stale or otherwise of no practical use, and Nickles himself was evasive and combative.[2] At sentencing, the government refused to make the motion for a substantial assistance reduction, and Nickles was sentenced to 168 months in prison. The other five arrested with Nickles did receive the reduction. The government has declined Nickles' requests for further in-person debriefings, and it has not used him as a witness in related cases.
 
 
 5
 On September 1, 1994, the district court received two letters from the defendant, which the court elected to treat as a motion to compel the government to file a Rule 35(b) motion for reduction of sentence. The court directed counsel for the government and the defendant to file written responses, which they did. On October 26, 1994, the district court denied the motion.
 
 
 6
 Nickles appeals.
 
 II.
 
 7
 A defendant's voluntary waiver of his right to appeal is enforceable. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990). Here, Nickles agreed to waive his right to appeal
 
 
 8
 any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.
 
 
 9
 The government asserts that the appeal should be dismissed.
 
 
 10
 We disagree. First of all, Nickles' primary argument is that the government breached its agreement with him by failing to make the motion, meet face-to-face with him after sentencing, or both. If the government did break these promises, then there would be a failure of consideration, and the waiver would be unenforceable under ordinary contract principles.
 
 
 11
 Second, though Nickles himself has asserted appellate jurisdiction under 18 U.S.C. Sec. 3742, this appeal does not directly implicate his "sentence." He moved to compel the government to make a Rule 35(b) motion, and the denial of his motion--an ordinary final order--is the only issue on appeal. If this court reversed, the government made the motion, and Nickles were dissatisfied with his resulting sentence, then the plea-agreement waiver would plainly apply.
 
 III.
 
 12
 Nickles' first argument on the merits is creative, though unavailing. He asserts that, because he had the right to consult counsel rather than immediately cooperate, the government is "penalizing" him for exercising that right by deeming his information stale and not of substantial assistance. We reject this argument for the reasons cogently expressed by the district court:
 
 
 13
 In these circumstances, it is clear that the government is not punishing defendant for exercising his rights, but instead is simply rewarding those who first provided assistance. By its nature, Rule 35 favors early cooperation. Thus, it is colloquially said that, in a conspiracy, the first conspirator aboard the cooperation bus gets the best ride. This is so because the last conspirator to offer assistance is less likely to possess information of which the government is still unaware, and therefore he is less likely to satisfy Rule 35's substantial assistance standard.
 
 
 14
 Every, or nearly every, criminal defendant who cooperates with authorities waives one or more of his constitutional rights by doing so. Nickles undoubtedly faced a difficult decision when he delayed cooperating in hopes of negotiating a favorable plea agreement through the efforts of counsel. Nonetheless, the consequences of his decision to stand on rather than waive his rights cannot be laid at the government's doorstep. "[The Supreme Court's] authorities do not impose a categorical ban on every governmental action affecting the strategic decisions of an accused, including decisions whether or not to exercise constitutional rights." United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993).
 
 IV.
 A.
 
 15
 Nickles also avers generally that he provided the government with a lot of information, and the government therefore breached the plea agreement by failing to move for the reduction at sentencing or to make a Rule 35 motion later. The government retained the right, in its "sole discretion," to determine whether Nickles' assistance was substantial. This language leaves very little room, if any at all, for judicial inquiry. In any event, the government proffered its reasons for refusing to make the motion, and the district court found that it had demonstrated "ample justification" for its decision.
 
 B.
 
 16
 Nickles also asserts that the government promised to give him a further opportunity to cooperate after sentencing. On two occasions during the sentencing hearing, the prosecuting attorney assured the court that the government would consider any additional information Nickles might have. Just two weeks later, though, the same prosecutor refused to schedule any further debriefings until "if and when the government believes [they] would be useful," which he deemed an "unlikely" occurrence. Nickles argues that the prosecutor's statements to the court constitute an amendment of the plea agreement, which the government has breached by refusing to meet with him. See United States v. Martin, 25 F.3d 211, 217 (4th Cir.1994) (enforcing an oral modification of a written plea agreement).[3]
 
 
 17
 This argument is Nickles' best, but it is not good enough. Nickles has interpreted the prosecutor's concurrence in the district court's rather broad remarks as a promise of active face-to-face debriefings, but the record does not bear out this interpretation.[4] As the government argues on appeal, nothing has prevented or now prevents Nickles from sending the government as much information as he pleases. If he kindles the government's interest, it may schedule a meeting with him or use him as a witness. He just has not done so yet.
 
 
 18
 We see no breach of the plea agreement.
 
 V.
 
 19
 Finally, Nickles argues that the government's refusal to make the substantial assistance motion is not rationally related to any legitimate governmental end and is therefore illegal. Wade v. United States, 504 U.S. 181, 186 (1992). This argument necessarily presupposes that he has rendered substantial assistance, which is, after all, the single most appropriate criterion for making or withholding the motion. The government says that he has not rendered sufficient assistance, and it retained the "sole discretion" to make that judgment. Moreover, this discretion aside, the district court found "ample justification" for the government's position.
 
 
 20
 The order of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 See U.S.S.G. Sec. 5K1.1; 18 U.S.C. Sec. 3553(e)
 
 
 [2]
 For example, when asked to identify his suppliers, he gave vague names ("Frank Rodriguez," with no address or phone number) or said that they were "unnamed miscellaneous Mexicans."
 
 
 [3]
 While the law of contracts guides us in interpreting plea agreements, we cannot refuse to enforce any prosecutorial promise, however informal, that is "in any significant degree ... part of the inducement or consideration" for the plea. Santobello v. New York, 404 U.S. 257, 262 (1971). See, e.g., United States v. Garcia, 956 F.2d 41 (4th Cir.1992); United States v. Harvey, 791 F.2d 294 (4th Cir.1986)
 
 
 [4]
 We do not hesitate to resolve true ambiguities in plea agreements against the government, e.g., Garcia, 956 F.2d at 45, but there must be some textual support for the defendant's position. There is none here. Here are the two exchanges on which Nickles relies:
 THE COURT: Well, I guess the defendant, counsel, and [the prosecutor, Mr. Chesnut,] may consider a more imaginative way of [providing assistance]. I don't need to mention those. I'm sure--
 MR. CHESNUT: We will.
 THE COURT:--they spring to your mind as well.
 MR. CHESNUT: Well, Your Honor, we're not going to give up on the investigation.
 THE DEFENDANT: ... I would like a genuine chance, based on the affidavit I just presented to you, to give them factual information.
 THE COURT: Well, Mr. Chesnut is a conscientious, diligent prosecutor. He's not going to turn down--prosecutors don't really operate out of spite, at least not in this courtroom. I don't permit it, and I know Mr. Chesnut doesn't. If you've got information, and if [defense counsel] and you and Mr. Chesnut and the [FBI] Agent can figure out any way imaginatively to get more, [the government's] sole goal is to get as far up the chain as they can to stop this. They'll do it.
 I'm right, am I not, Mr. Chesnut?
 MR. CHESNUT: Yes, Your Honor. That's correct.