**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4815

ROBERT O'BRIEN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                               No. 97-4819

FRANCIS A. O'BRIEN, a/k/a Francis
Hartwell,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4862

REBECCA FOWLER-CORNWELL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4926

KEVIN RAY FOWLER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4927

KEVIN RAY FOWLER,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-12, CR-95-11)

Submitted: November 25, 1997

Decided: January 22, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Nos. 96-4815 and 96-4819 dismissed and Nos. 96-4862, 96-4926, and
96-4927 affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Pizzuti, CAMILLETTI, SACCO & PIZZUTI, Wheeling, West
Virginia; Stephen D. Herndon, Wheeling, West Virginia; Paul M.
McKay, MCKAY & MCKAY, Wheeling, West Virginia; Byron
Craig Manford, Martinsburg, West Virginia, for Appellants. William
D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellants Robert and Frances[1] O'Brien allowed their home to be used as a crack house from 1993 until March 1995. Rebecca Fowler-Cornwell and Kevin Fowler sold crack cocaine there. Robert O'Brien pled guilty to one count of aiding and abetting the sale of crack cocaine and Frances O'Brien pled guilty to one count of distributing crack cocaine, both in violation of 21 U.S.C.A.§ 841 (West 1981 & Supp. 1997). Rebecca Fowler-Cornwell pled guilty to distributing 1.33 grams of crack cocaine in violation of § 841, and to being a felon in possession of a firearm. See 18 U.S.C.A.§ 922(g)(1) (West Supp. 1997). Kevin Fowler pled guilty to one count of possessing crack cocaine with intent to distribute during the summer and fall of 1994 in violation of § 841.[2] Under a separate indictment, Fowler pled guilty to violating § 924(c) by using or carrying a firearm during and in relation to a drug offense, and to being a felon in possession of a firearm in violation of § 922(g)(1).

The O'Briens claim that the district court abused its discretion in not departing downward from the guideline range at sentencing. Rebecca Fowler-Cornwell seeks resentencing on the ground that her plea agreement was based on a mutual mistake concerning the value of the government's promise to recommend concurrent sentences for the two counts to which she pled guilty. Kevin Fowler argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, incorrectly determined his criminal history, and erred in refusing to find that his § 924(c) conviction was not a crime of violence. For the reasons explained below, we affirm all the sentences and Fowler's conviction.

_____

[1] We have used the Appellant's spelling of her first name, although it appears in the indictment and elsewhere as "Francis."

[2] These offenses were charged in CR- 95-11. Fowler was also charged in CR-95-12.

I. Robert and Frances O'Brien

Both O'Briens requested a downward departure pursuant to U.S. SENTENCING GUIDELINES MANUAL § 5K2.12, p.s. (1995), arguing that their offenses were committed as a result of coercion and duress. At their joint sentencing hearing, they each testified and presented the testimony of other witnesses concerning threats against them and their daughter (who was in a foster home) by drug dealers who used their house. The government questioned a series of law enforcement officers who had regular contact with the O'Briens during the investigation of drug trafficking in West Virginia and Maryland; none had been notified of any threats received by the O'Briens. The O'Briens also refused invitations to cooperate with the investigation. The O'Briens did, however, report to the West Virginia Department of Human Services that threats had been made against their daughter. After hearing the evidence, the district court found it had the authority to depart on the grounds of duress and coercion under USSG § 5K2.12, but that the O'Briens had not shown that they were entitled to a departure. The district court's decision not to depart may be reviewed on appeal only if that decision is based on a belief that the court lacks legal authority to depart. See United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997). The O'Briens have attempted (at least in their reply brief) to frame the issue as one involving the court's understanding of its legal authority to depart. However, the record discloses that the court clearly understood its authority to depart and exercised its discretion not to depart. Consequently, we dismiss the O'Briens' appeals for lack of jurisdiction.

II. Rebecca Fowler-Cornwell

Under the terms of Fowler-Cornwell's plea agreement, the government agreed to recommend that any sentence of incarceration imposed on the two counts to which she pled guilty should run concurrently. During the Fed. R. Crim. P. 11 hearing, the district court informed Fowler-Cornwell that she was exposed to a statutory maximum sentence which might be anywhere from five years to life imprisonment on the drug count and a maximum of ten years for the firearm count. The court asked Fowler-Cornwell whether she understood that the government's recommendations for concurrent sentences were not binding. Fowler-Cornwell answered that she did.

4

Fowler-Cornwell made no objections to her presentence report, in which the probation officer recommended an offense level of 37, a criminal history category of V, and a guideline range of 324-405 months. However, the statutory maximum for the § 922(g)(1) conviction was 10 years (120 months), and the statutory maximum for the § 841 offense was 20 years (240 months). In order to impose a sentence within the guideline range, the district court made the sentence for the § 841 offense consecutive to the extent necessary to reach 324 months. See USSG § 5G1.2(d) (if sentence imposed on count with the highest statutory maximum is less than total punishment, sentence on one count should run consecutively to the extent necessary to produce a combined sentence equal to the total punishment).

Fowler-Cornwell contends that her plea agreement was based on a mutual mistake in that both she and the government wrongly believed that the government's recommendation for concurrent sentences had value although, in reality fully concurrent sentences could not be imposed. She argues that she is entitled to have the counts severed and to be resentenced on the § 841 count separately. Under Santobello v. New York, 404 U.S. 257, 262 (1971), a government promise which is part of the inducement for a guilty plea must be fulfilled. A government breach of such a promise violates due process. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994). Plea agreements are interpreted according to contract law and "`each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)).

In this case, Fowler-Cornwell received the benefit of her bargain. Her plea agreement specified that the government would recommend concurrent sentences but that the recommendation was not binding on the district court. The government duly made the recommendation at the sentencing hearing and the district court followed it to the extent permissible under the guidelines. The diminished value of the recommendation for concurrent sentences was due to the large amount of crack with which Fowler-Cornwell was involved (stipulated in the agreement), her possession of a firearm during the offense, and her lengthy criminal history. The combined effect of these factors gave her a guideline range which exceeded the statutory maximum for the drug offense. In this circumstance, the court was bound to apply the

5

sentencing guidelines by making one sentence partially consecutive. Fowler-Cornwell argues that she is entitled to have the court give "practical effect" to the recommendation for concurrent sentences. However, she has already received the benefit of her bargain and is not entitled to be resentenced.

III. Kevin Fowler

At his sentencing hearing, Fowler moved to withdraw the guilty pleas he had entered six months earlier. He asserted that he had not distributed crack at the Serenity Motel as related in the presentence report, and disavowed his pleas to one or both of the firearms charges on the ground that he had not known there was a firearm in his car at the time he was arrested. He also questioned the amount of crack to which he had stipulated in his plea agreement. Fowler's attorney candidly admitted that he had advised Fowler against attempting to withdraw his pleas after reviewing the discovery provided by the government. The district court denied the motion, finding that Fowler had not made the showing necessary under United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We review the district court's decision for abuse of discretion. See United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

A defendant does not have an absolute right to withdraw a guilty plea, see United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992), but must present a "fair and just" reason. See Fed. R. Crim. P. 32(e). Under Moore, the court must consider the following factors: (1) whether there has been a delay between the guilty plea and the motion to withdraw, (2) whether the defendant has had the assistance of competent counsel, (3) whether the defendant has made a credible assertion of legal innocence, (4) whether there is credible evidence that the guilty plea was not knowing and voluntary, (5) whether withdrawal will prejudice the government, or (6) will cause inconvenience to the court and waste judicial resources. The defendant bears the burden of establishing a fair and just reason even if no prejudice to the government is shown. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In light of these factors, we find that the district court did not abuse its discretion in denying Fowler's motion to withdraw his plea. Six

6

months elapsed between entry of the plea and the motion to withdraw. Fowler did not make a credible assertion of innocence. Rather, he disputed the location of a particular transaction. **3** Fowler did not assert that his plea was not knowing and voluntary.

Fowler also raised two objections to the calculation of his criminal history score at sentencing, both of which the district court overruled. Fowler first contested one criminal history point he received for a fine for marijuana possession, alleging incorrectly that points should be imposed only for sentences of imprisonment. <u>See</u> USSG § 4A1.1(c) & comment. (backg'd) (one criminal history point may be awarded for other sentences, including fines). On appeal, he makes a new argument--that the fine was imposed more ten years before the commencement of the instant offense and thus should not have been counted. <u>See</u> USSG § 4A1.2(e)(2). We review issues raised for the first time on appeal under the plain error standard of review. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993) (appeals court may notice asserted error not preserved by timely objection if there is actual error, which is plain, and affects substantial rights of defendant, but only if error seriously affects fairness, integrity, or public reputation of judicial proceedings). Fowler was fined for marijuana possession on August 1, 1984. Fowler's instant offenses included possession of crack with intent to distribute and using or carrying a firearm during and in relation to a drug trafficking crime--both of which were alleged to have occurred in the summer and fall of 1994. It thus appears that the fine was imposed within ten years of the date Fowler commenced the instant offense. Therefore, we do not find any error in the award of one criminal history point for the fine.

Next, Fowler correctly argues that no points should have been awarded for a fine imposed for his 1993 conviction for reckless driving. In the district court, as with the fine for marijuana possession, Fowler objected that criminal history points could only be given if a

_____

**3** The indictments charged that Fowler had distributed crack and carried a firearm while conducting drug transactions during the summer/fall of 1994. The case agent testified at sentencing that he might have mispoken during the Rule 11 hearing, and that the distribution underlying the count to which Fowler pled guilty took place at the Pikeside Motel, not the Serenity Motel.

7

sentence of imprisonment was imposed--a meritless argument. However, a sentence for reckless driving is counted only when the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, unless the instant offense is similar to reckless driving. See USSG § 4A1.2(c)(1). Neither of the exceptions applies in Fowler's case. Therefore, plain error occurred, but because the subtraction of one criminal history point would not change Fowler's criminal history category,[4] the error did not affect Fowler's substantial rights and resentencing is not required.

After he was sentenced, Fowler asked the district court to find that his § 924(c) conviction was not a crime of violence, asserting that such a finding would favorably affect his custody level and eligibility for various programs within the federal prison system. The court refused to make such a finding. Fowler claims on appeal that the court should have granted his motion. We find no error, nor is it likely that Fowler will be prejudiced by the court's decision. Fowler's presentence report specifies that his conviction was for carrying a firearm during a drug trafficking offense, not for a crime of violence. No acts of violence are attributed to Fowler in the description of the offense.

Accordingly, we dismiss the appeals of Robert and Frances O'Brien for lack of jurisdiction. We affirm Rebecca Fowler-Cornwell's sentence, and we affirm Kevin Fowler's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 96-4815, 96-4819 - DISMISSED

Nos. 96-4862, 96-4926, 96-4927 - AFFIRMED
_____

[4] The probation officer calculated that Fowler had 11 criminal history points, placing him in category V. Defendants with 10-12 points are in category V.

8