**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4019

CHARLES H. MCGUIRE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-95-131)

Submitted: April 7, 1998

Decided: April 27, 1998

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. William Bills, Jr., Pittsburgh, Pennsylvania, for Appellant.
Rebecca A. Betts, United States Attorney, Miller A. Bushong III,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles H. McGuire, Jr., appeals his conviction and sentence for conspiracy to launder money instruments, in violation of 18 U.S.C.A. § 1956 (West Supp. 1998). In 1995, McGuire was charged in a nine-count indictment with money laundering and conspiracy to launder monetary instruments. McGuire, a drug dealer, had opened a heavy equipment business in Spencer, West Virginia, as a shell for hiding the proceeds of his drug business. He directed the secretary of the company to create invoices for goods and services supplied to fictitious customers, and gave her large amounts of cash to deposit for those invoices. At about the same time as the West Virginia indictments, McGuire was arrested in the Western District of Pennsylvania on federal drug charges.

McGuire entered into a plea agreement with the Government. McGuire would plead guilty to the conspiracy charge, and the Government would move the court to dismiss the remaining counts. McGuire agreed to cooperate with the Government in all inquiries and give signed, sworn statements and grand jury and trial testimony on request. According to the agreement, the Government had made no representations or promises as to sentencing, but reserved the right to advise the court of the nature and extent of McGuire's cooperation and of his acceptance of responsibility. The plea agreement stated that there were no other agreements or understanding between the parties outside the document.

At the Fed. R. Crim. P. 11 hearing, McGuire agreed that the plea agreement, which was read into the record, was an accurate statement and that he understood and approved it. McGuire denied that there had been any promises of leniency or light sentence; he again stated that there were no other promises outside the plea agreement.

At sentencing, counsel for McGuire alleged that under the plea agreement the Government was obligated to make a motion for substantial assistance pursuant to U.S. Sentencing Commission Guidelines Manual § 5K1.1 (1995). The Government responded that although McGuire had assisted law enforcement officers in the West-

2

ern District of Pennsylvania and the Northern District of West Virginia he had been minimally available to law enforcement officers in the Southern District of West Virginia, and that he had begun to deny his culpability and minimize his role in any criminal activity, thereby undermining his credibility as a potential witness. The Government therefore declined to make the motion and denied that it was obligated to do so.

The district court held an evidentiary hearing on the issue, in which the prosecutor and both defense counsel testified. The court found that the Government had agreed only to consider any assistance McGuire rendered and evaluate whether a substantial assistance motion was warranted. In addition, the court found that there was no contract regarding the filing of a motion for substantial assistance, and that the Government's decision not to file such a motion was reached in good faith, based on McGuire's untruthfulness and resulting lack of credibility regarding his role in the offense.

McGuire was sentenced to seventy-two months imprisonment followed by three years of supervised release. The district court sentenced at the low end of the guideline range because of McGuire's cooperation in the other districts. McGuire appeals, asserting that the Government was obliged to file a downward departure motion in view of the substantial assistance he rendered.

If the Government promises in a plea agreement to make a § 5K1.1 motion in return for substantial assistance, such a promise is enforceable. United States v. Conner, 930 F.2d 1073, 1075 (4th Cir. 1991). The district court's task is to decide if the Government has in fact agreed to make such a motion in return for substantial assistance and, if so, whether substantial assistance has been rendered. (Id.) These issues of fact are reviewable under a clearly erroneous standard. Id. at 1076. Any principles of contract interpretation applied to the facts are reviewed de novo. United States v. Martin , 25 F.3d 211, 217 (4th Cir. 1994).

The Supreme Court has held that in the absence of a government motion a sentencing court cannot grant a downward departure for substantial assistance unless the government has committed itself in a plea agreement to do so or defendant establishes that the govern-

ment's refusal to make such a motion was based on an unconstitutional motive. <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992). Here, the district court found that the plea agreement did not bind the Government to make such a motion, and this finding is not erroneous. The plea agreement contains no reference to a substantial assistance motion. According to the agreement, there were no outside conditions or understandings. The district court found as a fact that the Government had agreed only to consider filing a motion, and this finding is not clearly erroneous. There is no suggestion of unconstitutional motive. Therefore, McGuire's claim entitles him to no relief.

We affirm McGuire's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4