UNITED STATES of America,
Plaintiff–Appellee,

v.

**Brian Ashley MARTIN, Defendant–Appellant.**

UNITED STATES of America,
Plaintiff–Appellee,

v.

**Brian Ashley MARTIN, Defendant–Appellant.**

UNITED STATES of America,
Plaintiff–Appellant,

v.

**Brian Ashley MARTIN, Defendant–Appellee.**

**Nos. 93–6477, 93–6583 and 93–6702.**

United States Court of Appeals,
Fourth Circuit.

Argued April 14, 1994.

Decided May 25, 1994.

212

**ARGUED:** Michael F. Imprevento, Sacks, Sacks & Imprevento, Norfolk, VA, for appellant. William Graham Otis, Asst. U.S. Atty., Sr. Litigation Counsel, Office of the U.S. Atty., Alexandria, VA, for appellee. **ON BRIEF:** Andrew M. Sacks, Sacks, Sacks & Imprevento, Norfolk, VA, for appellant. Helen F. Fahey, U.S. Atty., Vincent L. Gambale, Asst. U.S. Atty., Office of the U.S. Atty., Alexandria, VA, for appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON and HAMILTON, Circuit Judges.

Vacated and remanded for resentencing by published opinion. Judge HAMILTON wrote the opinion, in which Justice POWELL and Judge WILKINSON joined.

## OPINION

HAMILTON, Circuit Judge:

On April 10, 1992, Brian Ashley Martin was sentenced to 169 months' imprisonment. On March 31, 1993, citing Fed.R.Crim.P.

35(b), the government moved for a reduction of Martin's sentence based upon Martin's cooperation with the government *prior to sentencing.* The district court denied the motion, concluding that it lacked authority, under Fed.R.Crim.P. 35(b), to grant the motion for substantial assistance rendered to the government *prior* to Martin's sentencing on April 10, 1992. The government moved for reconsideration and the district court denied that motion, again concluding that it lacked authority to alter Martin's sentence. Martin appeals and the government cross-appeals the district court's refusal to consider the government's motion for a reduction of sentence and the district court's denial of the government's motion for reconsideration. For the reasons stated herein, Martin's sentence is vacated and the case is remanded for resentencing.

I

In late August 1991, a special agent of the Drug Enforcement Administration (DEA) purchased 55.35 grams of cocaine base (crack) from Martin in exchange for $2,300. In late September 1991, Martin approached an automobile occupied by the special agent and another undercover officer for the purpose of selling them additional quantities of crack. During this transaction two of Martin's associates, Gerald Davenport and Ronnie Newton, approached the automobile, with Davenport pointing a firearm at the special agent and the undercover officer. The special agent and the undercover officer proceeded to leave the scene. Shortly thereafter, Martin was arrested.

On October 15, 1991, a federal grand jury sitting in the Eastern District of Virginia returned a four-count indictment charging Martin with one count of distributing five grams or more of crack, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (count one); one count of conspiracy to forcibly assault a DEA agent, 18 U.S.C. §§ 111 and 371 (count two); one count of forcibly assaulting a DEA agent, and aiding and abetting the same, 18 U.S.C. §§ 111, 1114, and 2 (count three); and one count of carrying a firearm during and in relation to a crime of violence, and aiding and abetting the same, 18 U.S.C. §§ 924(c)(1) and 2 (count four).

On December 4, 1991, Martin and the government entered into a plea agreement which was filed in the district court two days later. Pursuant to the agreement, Martin agreed, among other things, to: (1) plead guilty to counts one, two, and four of the indictment; (2) truthfully disclose all information with respect to the activities of himself and others concerning narcotics activities; and (3) truthfully testify before a grand jury and at any trial or court proceeding with respect to any matter about which he was requested to give testimony. In the plea agreement, the government agreed, among other things, to: (1) not make a recommendation of sentence; (2) dismiss the remaining charge in the indictment; (3) make an application on behalf of Martin for admission into the Witness Security Program; and (4) advise the district court at the time of sentencing of Martin's cooperation. The plea agreement also provided that the decision whether to file a "substantial assistance" motion under U.S.S.G. § 5K1.1 or Fed.R.Crim.P. 35(b) "rests in the government's sole discretion." (J.A. 16).

After Martin entered into the plea agreement, he cooperated extensively with the government. Martin testified before a federal grand jury which led to the indictments of Davenport and Newton. Davenport pleaded guilty in part because Martin was willing and available to testify against him at a trial. Martin also testified at Newton's trial. The government has indicated that Martin's testimony was "instrumental in the conviction of Newton on all charges." (J.A. 32).

A Presentence Report (PSR) was prepared by the probation office. Notably, the PSR contains the following statement:

*Substantial Assistance*

3. Assistant U.S. Attorney Charles D. Griffith has advised that he does intend to make a substantial assistance motion pursuant to 18 U.S.C. 3553(e). However, because the defendant is in the process of corroborating (sic) with the Government, the motion will not be made at the time of sentencing but will be made within the year.

(J.A. 135). In addition, in its "Position of United States with Respect to Sentencing Factors," the government made the following statement:

> With respect to all unresolved matters set forth in the presentence report, and with respect to the calculations, and basis therefore, of the guideline range, the United States is in agreement with the probation department.

(J.A. 19).

At sentencing, the government candidly acknowledged that Martin's assistance was substantial, having led to the prosecution of two others. The Assistant United States Attorney added, however, that, pursuant to his office's policy, he intended to defer making a substantial assistance motion until Martin had the opportunity to provide more information. Because the government did not expect Martin to testify in any pending cases, the district court questioned whether a second sentencing hearing was really necessary. However, the district court did not take issue with the government's position that, given the circumstances, it had the discretion to make a substantial assistance motion within the next year. Counsel for Martin proffered to the district court that it was in his client's best interest to allow the government to defer making its substantial assistance motion, allowing Martin additional time to cooperate, ultimately resulting in a lower sentence for his client. We recite the following exchange between the prosecutor, defense counsel, and the district court:

> PROSECUTOR: Your Honor, I simply would tell the Court the defendant has been cooperative. As Mr. Imprevento [defense counsel] indicated, he did testify at the trial against Ronnie Ray Newton, and I also believe that the fact that he was available to cooperate led to the conviction of Gerald Davenport, who also ultimately ended up cooperating and assisting in that trial against Mr. Newton. I think it is fair to say that I will at some time within the next year be coming back before you to make a motion on his behalf.
>
> Our office has a policy. We only make one such motion, and although *I believe his cooperation up to now with respect to the robbery attempt would entitle him to such a motion, he is still cooperating, and we want to give him the full benefit of all the cooperation he can provide before I come back to the Court to make such a motion.*
>
> So that is something that I've told his attorney, and *we've decided to delay that until a later time* when we know a little bit more about the full development and extent of his cooperation, but he has been and I expect him to be continuing to cooperate. I have no problem with you sentencing him to the low end of the guidelines on the drug conviction.

Of course, there is the five-year mandatory consecutive sentence with respect to the firearm conviction.

> THE COURT: Are there any other pending cases about which you expect him to testify?
>
> PROSECUTOR: There are no pending cases.
>
> THE COURT: The reason I'm making an inquiry is because it seems to me if he's already extended his cooperation and applied [sic] with the provisions of his plea bargaining agreement, there's no reason to delay the idea of coming back at some subsequent time because there's no reason to use the facilities of the Court or take the time of counsel to have to do so.
>
> PROSECUTOR: Your Honor, the reason why our office chooses to do it this way is, and I don't know that Mr. Martin would fall in this category, but oftentimes, once the motion is made, the incentive to continue to provide cooperation disappears. He has other information that we would like to pursue with him, and the law does permit us to come back within one year.
>
> THE COURT: I'm not questioning the authority to do it. I'm trying to talk about why can't we deal with it all at one time and get it over with. I understand their reasons. I understand the reasons on each side, of course.
>
> PROSECUTOR: We don't know what other cooperation or results there will be in

the future. We do know this one thing, and if I came forward now, that would be all I could come forward to the Court on. If there's more, then certainly Mr. Martin benefits from that, so it's his choice for me to delay this hearing, this motion, as well.

THE COURT: All right.

DEFENSE COUNSEL: I would agree with that, Your Honor. I do feel that there are substantial matters that may cause the Court at a later time to substantially reduce the sentence, and I think at this stage, it would be advantageous to say wait. We'll try not to burden the Court's resources and just have a brief hearing at a time appropriate in the future.

(J.A. 41–44) (emphasis added). The district court then sentenced Martin to 169 months' imprisonment.

After sentencing, through no fault of his own, Martin's continued willingness to cooperate was fruitless in that he was not able to provide any additional information or assistance to the government. On March 31, 1993, the government made a motion for reduction of sentence pursuant to Fed. R.Crim.P. 35(b). The factual predicate for the government's motion was the substantial cooperation Martin had provided with respect to the prosecution of Davenport and Newton, all of which occurred *prior* to the time of Martin's sentencing on April 10, 1992.

The district court held that it was without authority to grant the government's motion because the government's motion for reduction of sentence rested on substantial assistance Martin provided to the government *prior* to his sentencing. In reaching this conclusion, the district court reviewed various provisions that allow for a reduction of a sentence and found all of them to be inapplicable. Notably: (1) construing U.S.S.G. § 5K1.1, the district court reasoned that it did not apply because the provision speaks only to a departure at the time of sentencing; (2) applying 18 U.S.C. § 3582(c)(2), the district court rejected its application because that provision only addresses the situation in which the Sentencing Commission subsequently lowers a particular sentencing range;[1] and (3) applying Fed.R.Crim.P. 35(b), the district court rejected any reliance on that provision because it relates solely to a reduction of a sentence "to 'reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person.'" (J.A. 61) (quoting Fed.R.Crim.P. 35(b)).

The government moved for reconsideration, but the district court denied that motion as well. The district court reiterated its position that it was without authority to grant a substantial assistance motion given the circumstances, but noted that if it had the authority, it "would not hesitate to act." (J.A. 117). Martin appeals and the government cross-appeals the district court's refusal to grant the government's motion for reduction of sentence and the district court's subsequent denial of the government's motion for reconsideration.

## II

This is an unusual case insofar as the government and Martin are asking for the same relief. Both parties urge this court to vacate Martin's sentence and remand the case to the district court for resentencing.

In making their respective arguments, the parties concede that United States Sentencing Commission, *Guidelines Manual,* § 5K1.1[2] grants the sentencing judge the authority to grant a downward departure

---

1. 18 U.S.C. § 3582(c)(2) provides:

   [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2. U.S.S.G. § 5K1.1 provides:

   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

*only* for substantial assistance provided to the government *prior* to, or at the time of, sentencing. *See United States v. Drown,* 942 F.2d 55, 59 (1st Cir.1991) ("The language, structure, context, and operation of [U.S.S.G. § 5K1.1] leaves little doubt that the guideline provision, section 5K1.1, was designed to recognize, and in an appropriate case to reward, assistance rendered *prior* to sentencing.").

The parties also concede that Fed. R.Crim.P. 35(b) [3] grants the sentencing judge the authority to reduce a defendant's sentence *only* for substantial assistance rendered *subsequent* to sentencing. *See Id.* ("Rule 35(b) ... was designed to recognize and reward *subsequent* cooperation."). The interplay of these two provisions was ably summarized by the Eleventh Circuit:

> [U.S.S.G. § 5K1.1 and Fed.R.Crim.P. 35(b) ] are substantially different with respect to timing. Section 5K1.1 is a sentencing tool; at the time of the original sentencing, the court may sentence the defendant below the guideline range on a motion from the government.... Rule 35(b) operates *after* sentence has been imposed. It allows the court to *resentence* the defendant to reflect substantial assistance rendered after imposition of the initial sentence.

*United States v. Howard,* 902 F.2d 894, 896 (11th Cir.1990).

▇ In light of the language and structure of these provisions, it has been held that the government may not predicate its decision to defer a U.S.S.G. § 5K1.1 motion on the fact that it will make a Fed.R.Crim.P. 35(b) substantial assistance motion after sentencing. *See Drown,* 942 F.2d at 59. The *Drown* court explained: "[W]here section 5K1.1 is in play, the prospect of Rule 35(b) relief in the future cannot be allowed to alter or influence the decisions of the prosecution, or the deliberations of the court, at sentencing." *Id.* To hold otherwise would "improperly merge[ ] the temporal boundaries established in section 5K1.1 and Fed.R.Crim.P. 35(b)." *Id.; cf. Howard,* 902 F.2d at 897 (district court

must rule on U.S.S.G. § 5K1.1 motion before imposing sentence). Accordingly, if at the time of sentencing, the government deems the defendant's assistance substantial, the government cannot defer its decision to make a U.S.S.G.§ 5K1.1 motion on the ground that it will make a Fed.R.Crim.P. 35(b) motion after sentencing. Instead, the government at that time must determine—yes or no— whether it will make a U.S.S.G. § 5K1.1 motion. If the government defers making a U.S.S.G. § 5K1.1 motion on the premise that it will make a Fed.R.Crim.P. 35(b) motion after sentencing, the sentence that follows deprives a defendant of due process, and is therefore "in violation of law." *Drown,* 942 F.2d at 58, 59; 18 U.S.C. § 3742(a)(1).

In the present case, it is undisputed that the government's motivation behind its decision to defer making a U.S.S.G. § 5K1.1 motion was that it would make a Fed.R.Crim.P. 35(b) substantial assistance motion within one year after Martin's sentencing. This the government was not at liberty to do. Under the circumstances, as stated above, the government was required at sentencing to make a determination whether it was going to make a U.S.S.G. § 5K1.1 motion. Its decision to defer on the ground that it would make a Fed.R.Crim.P. 35(b) motion after sentencing resulted in a deprivation of due process. *Drown,* 942 F.2d at 58, 59. Accordingly, Martin's sentence was imposed "in violation of law." *Id.;* 18 U.S.C. § 3742(a)(1).

Ordinarily, we would remand this case for further proceedings under *Drown* to afford "the government the opportunity to consider afresh the substantiality of the defendant's assistance at the time of sentencing" and determine whether to exercise its discretion to make a U.S.S.G. § 5K1.1 motion. *Drown,* 942 F.2d at 60. However, as discussed in Part III, *infra,* a remand for resentencing is required.

### III

▇ Although plea agreements between the government and a defendant are unique and call for special due process considerations, the judicial interpretation of plea

---

**3.** Rule 35(b) provides in pertinent part:

The court, on motion of the Government made within one year after imposition of sentence, may reduce a sentence to reflect a defendant's

subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense.

agreements is largely governed by the law of contracts. *See, e.g., United States v. Conner,* 930 F.2d 1073, 1076 (4th Cir.), *cert. denied,* —— .U.S. ——, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991). If the government breaches express or implied terms of a plea agreement, a violation of due process occurs. *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984); *Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). Applying general contract principles, we have held that the party asserting a breach of a plea agreement has the burden of proving its breach. *United States v. Dixon,* 998 F.2d 228, 230 (4th ·Cir.1993); *Conner,* 930 F.2d at 1076. Our review of "what the parties said or did are reviewed under the 'clearly erroneous' standard while principles of contract interpretation applied to the facts are reviewed de novo." *L.K. Comstock & Co. v. United Engineers & Constructors,* 880 F.2d 219, 221 (9th Cir.1989). Because this case concerns principles of contract interpretation, our review is *de novo.*

■ In this case, the plea agreement required the government, in exchange for Martin's cooperation and assistance, to, among other things, inform the district court of Martin's assistance. In addition, in the plea agreement, the government retained discretion in determining whether to make a U.S.S.G. § 5K1.1 motion or Fed.R.Crim.P. 35(b) motion. Although the government did not include in the plea agreement a commitment to make a U.S.S.G. § 5K1.1 motion for downward departure at sentencing based on Martin's substantial assistance, the government in its "Position of United States with Respect to Sentencing Factors," (J.A. 19), indicated that it agreed with the PSR's statement that a motion for substantial assistance would be made within the year. At sentencing, the government candidly acknowledged that Martin's assistance, *at the time of sentencing,* was substantial, having led to the prosecution of two others, and that it intended to make a substantial assistance motion

"within the next year." (J.A. 41). The government's commitment to make a substantial assistance motion to reward Martin for his *presentence* substantial assistance was tantamount to and the equivalent of a modification of the plea agreement, albeit an oral one. The modified agreement required the government to make a *timely* substantial assistance motion in exchange for, among other things, Martin's *presentence* substantial assistance and agreement to make himself available to provide post-sentence cooperation.[4]

Because a U.S.S.G. § 5K1.1 motion at sentencing was the only vehicle under the law to reward Martin's *presentence* substantial assistance, once the government committed itself to reward Martin for his *presentence* substantial assistance in the modified plea agreement, it was bound to make a U.S.S.G. § 5K1.1 motion at sentencing. *Cf. ·Conner,* 930 F.2d at 1075 ("[O]nce the government uses its § 5K1.1 discretion as a bargaining chip in the plea negotiation process, that discretion is circumscribed by the terms of the agreement."). In other words, having *committed* itself to reward Martin for his *presentence* substantial assistance, . Martin cannot be penalized for the government's failure, albeit inadvertent, to timely make a U.S.S.G. § 5K1.1 motion at the sentencing hearing on April 10, 1992. The government's failure to comply with the plea agreement as modified resulted in a deprivation of Martin's due process rights. Accordingly, Martin is entitled to specific performance of the government's promise to reward him for his *presentence* substantial assistance. *Dixon,* 998 F.2d at 231 (noting that a defendant is entitled "to specific performance of the government's promise to move for a substantial assistance departure").

## IV

For the reasons stated herein, Martin's sentence is vacated and the case is remanded for resentencing.

---

4. All of our Rule 11 concerns are obviated by the parties' obvious willingness to modify orally the plea agreement and the district court's acceptance of the arrangement. In addition, the special circumstance of a mutually agreed upon

modification made in open court in no way undermines our commitment to the general rule that integrated written plea agreements are not open to oral supplementation. See *United States v. Fentress,* 792 F.2d 461, 463–65 (4th Cir.1986).

*VACATED AND REMANDED FOR RE-SENTENCING.*