**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5271

DAVID BELL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-93-370)

Submitted: March 29, 1996

Decided: May 21, 1996

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, David C. Stephens, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Bell appeals from his criminal sentence, and we affirm.

Bell alleges that the Government breached its plea agreement by failing to move for a reduction following Bell's submission to debriefing and subjection to a polygraph test. In response to the Government's claim that its duty never arose because Bell failed two polygraph tests, Bell argues that the terms of the plea agreement were ambiguous and that he believed that he need only take the polygraph examination, not pass it. This belief is based on Bell's assertion that prior to the plea hearing the prosecutor's out-of-court statements spoke only to Bell taking the examination and made no mention as to whether he had to pass it. The prosecutor's in-court statements, however, quite clearly stated that passage of the test was necessary. When questioned by the judge, Bell revealed that the terms of the plea agreement as read by the prosecutor constituted his full and complete understanding of the agreement.

Bell now, however, claims that his understanding of the agreement was influenced by the prior out-of-court statements. He therefore argues that the agreement was ambiguous and seeks either specific performance or in the alternative an evidentiary hearing to determine whether the polygraph examination was conducted properly.* In addition to an initial brief filed by his attorney, Bell moves this Court to allow him to file a supplemental pro se brief. This brief contains letters and affidavits from others privy to the prosecutor's out-of-court statements which confirm Bell's allegation that prior to the hearing no mention was made regarding whether Bell must pass the examination.

Our review of the record reveals that the district court's finding of no ambiguity was not erroneous. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994). The plea agreement, although not written, was recited in open court and clearly stated that Bell must pass the examination. Because Bell did not pass either of the two polygraph

_____

*Bell specifically does not contend that his plea agreement was involuntary and does not seek to withdraw his plea.

2

examinations he took, we find that he failed to satisfy the condition precedent to the Government's duty to perform. Thus, we find that the Government's duty never arose and that Bell is therefore not entitled to specific performance of the plea agreement.

We also find that because Bell did not challenge the administration of the examination at the time of his sentencing he has waived review of that issue absent a showing of plain error. See United States v. Olano, 507 U.S. 725 (1993). Our review of the record reveals no plain error in the court's "failure" to investigate the manner in which the examination was conducted. As the defendant alleging breach of a plea agreement by the government it was Bell's responsibility to prove the Government's breach. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991). The satisfaction of a condition precedent giving rise to the Government's duty is necessarily part of that burden. Thus, it was incumbent upon Bell to call the reliability of the examination into question. Although provided with an opportunity to question the polygraph operator, Bell specifically declined to do so. We therefore find the court's failure to conduct its own inquiry into the administration of the examination after Bell's explicit decision not to pursue this point was not plain error. Accordingly, we grant Bell's motion to file a supplemental pro se brief and affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3