UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4820

JAMES ELDRIDGE, a/k/a Milton E.
Morris,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-38)

Submitted: October 31, 1997

Decided: November 21, 1997

Before MURNAGHAN, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis H. Lang, CALLISON, TIGHE, ROBINSON & HAWKINS,
L.L.P., Columbia, South Carolina, for Appellant. J. Rene Josey,
United States Attorney, William E. Day, II, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Eldridge pled guilty to conspiracy to defraud by using unauthorized access devices affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(2) (1994). Following sentencing, Eldridge moved to enforce his plea agreement, alleging that the Government breached its agreement to recommend non-prosecution for similar, previously-committed offenses. The district court denied Eldridge's motion. We affirm.

The plea agreement between Eldridge and the Government bound Eldridge to be fully truthful and forthright with investigators pursuing credit card cases and to submit to a polygraph examination. In return, the Government agreed to recommend to other federal, state, and local authorities that Eldridge not be prosecuted for credit card offenses committed before his arrest on the charges to which he pled guilty. The agreement specifically provided that if Eldridge failed to comply with any term of the agreement, the obligations of the Government attorneys under the agreement would be null and void.

The Government scheduled polygraph examinations after Eldridge's sentencing, but Eldridge refused to submit to the examinations. Consequently, the Government has not, to this date, recommended non-prosecution to other authorities. During the district court's hearing on Eldridge's motion, the Government stated that it was ready to abide by its agreement to recommend non-prosecution upon Eldridge's taking, and passing, a polygraph examination.

This appeal is governed by this court's opinion in United States v. Martin, 25 F.3d 211, 216-17 (4th Cir. 1994): Judicial interpretations of plea agreements are guided by the law of contracts. Breaches of agreements must be proven by a preponderance of the evidence. A party alleging a breach must establish that he provided the degree of assistance bargained for in the agreement. Our review is de novo.

2

We find that Eldridge has not fulfilled a material condition precedent to the Government's recommending non-prosecution: he has not submitted to, and passed, a polygraph examination. Eldridge contends that the Government should have asked him to take a polygraph examination prior to sentencing, and that the Government's failure to perform this portion of the plea agreement before sentencing should excuse his failure to submit to an examination. However, the plea agreement places no time limits on the Government's scheduling polygraph examinations. Eldridge may yet obtain the benefit of his bargain, but he must first take and pass the examination. The Government has not breached the agreement. Accordingly, we affirm. We deny as moot Eldridge's motion for an expedited appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED