UNITED STATES of America, Plaintiff,

v.

Anthony FOYE, Defendant.

No. CRIM.A.2:98–00165–01.

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 30, 1998.

Monica K. Schwartz, Assistant United States Attorney, Charleston, WV, for plaintiff.

Edward H. Weis, First Assistant Federal Public Defender, Charleston, WV, for defendant.

## ORDER

GOODWIN, District Judge.

Pending before the Court are the defendant's motion to suppress the incriminating grand jury testimony of the defendant and motion to dismiss the indictment for violation of the Speedy Trial Act.

For reasons explained more fully below, the motion to suppress the defendant's grand jury testimony is **DENIED** as moot and the motion to dismiss the indictment for violation of the Speedy Trial Act is **GRANTED**. Accordingly, the indictment against the defendant is **DISMISSED without prejudice.**

### I.

Anthony Foye was arrested on May 13, 1998 and charged on May 14, 1998 in a criminal complaint with distribution of cocaine base and possession with intent to distribute cocaine base. He appeared before Magistrate Judge Jerry D. Hogg on May 14, 1998 and was soon released on $10,000 bond.

Four days after his appearance before the Magistrate Judge, on May 18, 1998, Foye signed a plea agreement with the government in which he agreed to plead guilty to a one-count information charging him with possession with intent to distribute cocaine base and to waive his right to indictment by a grand jury. Nearly one month later, on June 10, 1998, the government filed the one-count information, charging Foye with possession with intent to distribute cocaine base. The information did not contain a charge that Foye had distributed cocaine.

The government did not file a motion to schedule a guilty plea hearing at the time the information was filed or assigned. In fact, the government waited more than a month after the filing of the information and a total of more than sixty days after the defendant's arrest before finally requesting a guilty plea hearing. The government had not forgotten Foye in the interim, however. Foye was called as a witness before the grand jury on July 28, 1998 and delivered—pursuant to a grant of immunity—very self-incriminating testimony.

The Court received the government's motion for a guilty plea hearing on July 15, 1998 and promptly scheduled a hearing. Foye failed to appear. He was arrested several weeks later in Ohio and transported back to this district.

Despite Foye's obvious second thoughts, the government continued to pursue Foye's entry of a guilty plea pursuant to the plea agreement and did not exercise its right to void the agreement. The Court scheduled a second plea hearing on September 21, 1998. At that hearing, Foye informed the Court that he no longer desired to plead guilty, but would nevertheless waive his right to indictment. In response to questioning from the Court, Foye explained that he wanted to waive his right to indictment, alleging that the grand jury was racist. The Court, after full inquiry, rejected both the attempt to waive indictment and the proposed plea agreement.

Two days later, the grand jury returned a two-count indictment that charged Foye with distribution of cocaine base and possession

with intent to distribute cocaine base. Foye has submitted several pretrial motions, two of which are addressed here.

## II.

In Foye's first motion, he argues that the testimony that he gave before the grand jury should be suppressed at trial because it was covered by the immunity paragraph of his plea agreement.[1] The plea agreement entered into between Foye and the United States provides:

> Unless this agreement becomes void due to a violation of any of its terms by Mr. Foye, nothing contained in any statement or testimony provided by Mr. Foye pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Foye, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

■ The parties agree that courts are to interpret plea agreements with guidance from the law of contracts. *United States v.*

*Martin*, 25 F.3d 211, 216–17 (4th Cir.1994). The plea agreement here provides unambiguously that "nothing contained in any statement or testimony provided by Mr. Foye pursuant to this agreement" was to be used against Foye unless the agreement became "void due to a violation of any of its terms by Mr. Foye." The plea agreement further provides—and the government admitted at the pretrial motions hearing[2]—that a mere violation of the terms of the agreement does not void the agreement. Rather, a violation by one party creates the right in the non-violating party to void the agreement. In fact, the government conceded at the pretrial motions hearing that the agreement was not void after Foye failed to appear at the initial guilty plea hearing and was not even void at the onset of the second guilty plea hearing when Foye informed that Court that he no longer wished to plead guilty. Rather, it is the government's position that the agreement became void as an automatic result of the Court's decision to reject the defendant's attempt to waive the right to indictment and the plea agreement.[3]

1. Further, at the beginning of Foye's testimony before the grand jury, the following exchange took place between the attorney for the government and Foye:

   AUSA: As part of the terms of the plea agreement, you are to give debriefings, trial and grand jury testimony when requested by the grand jury.
   Foye: Yes.
   AUSA: Or by our office.
   Foye: Yes.
   AUSA: And you understand that what is said by you in the grand jury cannot be used against you unless we have separate and independent evidence of it.
   Foye: Yes.
   AUSA: You also understand that if you would lie to this grand jury about any material matter, that can be the basis for a separate prosecution against you for perjury.
   Foye: Yes.
   Foye claims the agreement and the colloquy provide independent bases for a finding that the testimony was immune. The Court does not find it necessary to examine the grand jury colloquy.

2. At the pretrial motions hearing, the Court asked the attorney for the government whether Foye's failure to appear for the first guilty plea hearing was a breach of the agreement. The attorney for the government responded, "I think it could be so interpreted. And at that point, the United States would have had the right to seek to void the plea agreement. However, I would

point out that representations were made by the defendant's counsel that—well, I wanted to wait and see what would happen hoping that he would agree to plead."

   The Court later asked the attorney for the government whether the government must perform some act to void the agreement once it acquired the right to void the agreement. The attorney for the government replied, "To effectuate the voiding, yes, I agree, Your Honor."

3. At the pretrial motions hearing, the attorney for the government conceded that the government had the right to void the agreement due to any number of violations by Foye, but that some further act was necessary for the right to be exercised and the agreement voided. The attorney for the government conceded that she had not performed the additional action and that the Court's rejection itself constituted a voiding of the agreement.

   The following exchange took place at the pretrial motions hearing:
   The Court: ... [I]s it correct to say that when the Court found on September 21st, 1998, that the defendant's waiver or attempted waiver of his right to indictment was not knowing and voluntary that such a finding was a refusal on the part of the Court to accept the plea agreement?
   Ms. Schwartz: Your Honor, it would be the United States' position that since a finding by

Turning to the immunity paragraph, the Court concludes, therefore, that the immunity granted to Foye in the plea agreement still binds the United States. That paragraph provides that Foye will enjoy immunity for the statements or testimony that he provided pursuant to the agreement. By its terms, the agreement strips immunity from Foye if the agreement became void *due to a violation of its terms by Foye,* but does not purport to do so if the agreement became void due to the Court's act.

Given the concessions offered by the attorney for the government, this Court finds that the agreement here became void as a result of the Court's refusal to accept the agreement and not as a result of Foye's violation of its terms. It follows that use of Foye's grand jury testimony at trial could be in violation of the immunity grant.

At the pretrial motions hearing, the Court asked the parties further whether the indictment was secured by use of Foye's grand jury testimony. The government advised that the grand jury did have access to the testimony; therefore, the indictment also rests on grounds which are suspect. Further evidentiary hearings would be necessary but for the Court's decision to dismiss the indictment on other grounds. Because the Court dismisses the indictment below, the Court **DENIES** the motion as moot.

### III.

The Speedy Trial Act (Act) requires that the government file an information or secure an indictment within thirty days of the defendant's arrest and the filing of formal charges against him. 18 U.S.C. § 3161(b). Foye argues that the Act was violated in two respects. First, Foye argues that the information which the government properly filed within the thirty-day window is insufficient because Foye did not waive his right to indictment. Because the filed information is a valid charging paper only after the Court

accepts the defendant's waiver of indictment, Foye concludes that the government failed to file a proper information or secure an indictment within thirty days of the defendant's arrest and the filing of formal charges against him as required by the Act. Alternatively, Foye claims that the information that was filed within the thirty-day window did not properly charge all of the counts upon which Foye was later indicted; thus, while the information may have sufficiently stopped the Speedy Trial Act's clock for purposes of the count charged in the information, it did not stop the clock for the counts not charged in the information.

The argument raised by Foye unavoidably implicates important issues of how properly to characterize an information that is not accompanied by a waiver of indictment. After initial briefing was submitted, the Court requested that the parties brief the following issue:

> Whether an information filed by the government within the thirty day time period from the date on which the defendant was arrested or served with a summons, as that period is determined pursuant to the Act, satisfies the purposes and intent of the Act in the event that the defendant does not waive his right to an indictment.

Following the request, the government argued that the Court's inquiry was irrelevant because the "United States does not ask this Court to determine that [the] defendant waived his right to be indicted within 30 days of the filing of the complaint. The United States merely requests that properly excludable time be assessed pursuant to the controlling legal authority." The Court nonetheless finds the issue necessary to the resolution of the matter in controversy.

■ An information is a charging paper that is properly filed within the thirty-day window proscribed by the Act only if the defendant also waives his right to proceed by

the Court that the defendant's waiver was knowing and voluntary is an essential finding to the plea agreement that the answer to your question is 'yes.'
 The Court: That—did that refusal, then, by the Court to accept the plea agreement void the agreement pursuant to paragraph 10?

Ms. Schwartz: I believe that, that was another way in which the plea agreement was voided.

indictment within that time period. *See* COMM. ON THE ADMIN. OF THE CRIMINAL LAW OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDELINES TO THE ADMIN. OF THE SPEEDY TRIAL ACT OF 1974 2–3 (1984). Absent the defendant's knowing and voluntary waiver, the information is not a charging document, would not sustain a prosecution, and therefore, does not satisfy the Act's requirement that an information or indictment be filed within thirty days of the defendant's arrest and the filing of formal charges against him. *Id.* If the rule were otherwise, then the prosecutor could thwart the purposes of the Act by filing an information without the defendant's waiver, waiting until the defendant refused in court to waive his right to indictment, and only then seek indictment. Such a result would be untenable.

What remains is that the only charging paper to which the government may properly point for Speedy Trial Act purposes is the indictment, but that document was not returned until September. The relevant issue thus becomes whether any of the time between Foye's arrest and his indictment is excluded from the Speedy Trial Act calculations. The government claims that all but five days should have been excluded. The Court disagrees.

█ The government initially argues that section 3161(d)(1) restarts the clock for Speedy Trial Act purposes after an information is dismissed. The portion of that section which the government invokes applies only if the information is dismissed upon motion of the defendant. The government argues that the dismissal of the information was in essence a dismissal at the defendant's request because it came on the heels of the defendant's repudiation of the plea agreement.

The facts do not support the government's argument. On October 16, 1998, the United States, pursuant to Rule 48(a), dismissed the information. No motion was filed by the defendant.

█ The government next argues that the indictment relates back to the timely filed information. The government argues that although the indictment charges crimes not charged in the information, the filing of the information stops the Speedy Trial Act time, and the later-filed indictment amends that information. The government cites no case law in support of its argument.

The Court does not find the argument persuasive. It is on this point that the government's failure to address the question posed by the Court for supplemental briefing is problematic. As stated above, an information is not a charging paper and is irrelevant to the Speedy Trial Act calculations until the defendant has properly waived his right to indictment. Because the information itself cannot stop the Speedy Trial Act time prior to the defendant's knowing and voluntary waiver of the right to indictment, a later filed indictment has nothing to which it can relate back.

The government's final argument is that the entire period between the signing of the defendant's plea agreement on May 18, 1998 and his repudiation of the plea agreement on September 21, 1998 is excluded under general provisions of the Act. In support, the government cites *United States v. Long*, 858 F.Supp. 601 (N.D.W.Va.1994), in which Chief Judge Stamp of the Northern District of West Virginia determined that the period is excluded as a period of delay resulting from "other proceedings concerning the defendant" under section 3161(h)(1).[4]

---

4. Section 3161(h)(1) of the Act provides:
 (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
 (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
 (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

 (B) delay resulting from any proceeding, including any examination of the defendant, pursuant to section 2902 of title 28, United States Code;
 (C) delay resulting from deferral of prosecution pursuant to section 2902 of title 28, United States Code;
 (D) delay resulting from trial with respect to other charges against the defendant;
 (E) delay resulting from any interlocutory appeal;

The *Long* decision rests on several alternative· holdings. Unfortunately, the government relies on the least persuasive and the most readily distinguishable. While the Court agrees with the bulk of Chief Judge Stamp's opinion, the Court respectfully disagrees with his alternative holding that "the interim time period after the plea was signed but before it was brought to the Court should be excluded under § 3161(h) as a period of delay resulting from 'other proceedings' concerning the defendant." *Id.* at 604.

In *Long*, the defendant entered into a written plea agreement only a few days after his arrest. The plea agreement, which was not presented to the Court until the guilty plea hearing, provided that the defendant would waive his right to indictment. The defendant later decided not to to proceed with the information or the plea agreement, an act which left the government with only one day under the Act to secure an indictment of the defendant. The next day, notably still within the Speedy Trial Act deadline, the government filed a motion to declare certain time excluded. The Court continued for thirty days to allow the government time to indict the defendant and found the time excluded from the Speedy Trial Act calculations as time that is excludable under the "ends of justice" exclusion of § 3161(h)(8)(A).

This Court agrees with much of the *Long* Court's opinion concerning the exclusion of time in the period between the defendant's execution of the plea agreement and the date on which the plea agreement was revealed to the Court. The Court found that section 3161(h)(1)(I) is not applicable because the plea agreement was not "under consideration" by the Court until the Court learned of the agreement. *Id.* at 602. Likewise, the *Long* Court determined that the interim period could not be excluded under any of the other enumerated periods in section 3161(h)(1). *Id.* at 602–03.

■ This Court respectfully disagrees with the *Long* Court's determination that the time during which "a plea agreement is pending but has not been brought before the court can be excluded under § 3161(h)(1) as a period of delay resulting from other proceedings concerning the defendant." *Id.* at 603. As this Court reads the Speedy Trial Act, the non-exhaustive list of occurrences that are excluded in section 3161(h)(1) are similar in that they are all proceedings that result in delay, the length of which cannot be controlled by the parties themselves. Delay resulting from the government's failure to bring an executed plea agreement to the Court's attention for a plea hearing is delay wholly attributable to the parties and controllable wholly by the parties; therefore, it is delay that is not excluded.

Furthermore, this Court notes that although the list of proceedings that are excluded is non-exhaustive, the list is specific regarding the time that is excluded as a result of plea negotiations. Section 3161(h)(1)(I) expressly excludes delay resulting from consideration by the court of a plea agreement. It defies logic for Congress to specify that delay resulting from consideration by the court of a plea agreement is excluded if Congress had truly intended to exclude a larger period of delay resulting from the execution of a plea agreement.

This Court therefore **FINDS** that the Speedy Trial Act rights of the defendant were violated in this case.

The Speedy Trial Act provides its own sanction:

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(G) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

(H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

(I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

The Court inquired of the parties whether dismissal, if appropriate, should be with or without prejudice. The parties agreed that it should be without prejudice. The Speedy Trial Act provides that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." After careful independent consideration of the relevant factors, the Court agrees that dismissal should be without prejudice.

The motion to suppress the defendant's grand jury testimony is **DENIED as moot** and the motion to dismiss the indictment for violation of the Speedy Trial Act is **GRANTED**. Accordingly, the indictment against the defendant is **DISMISSED without prejudice**.

All remaining pending motions are **DENIED** as moot.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the United States Marshal, and Judge Goodwin.