**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 99-4586

JAMES B. STURDAVANT, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Terrence W. Boyle, Chief District Judge.
(CR-98-14)

Submitted: March 20, 2000

Decided: April 24, 2000

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James B. Ayers, II, New Bern, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, David J. Cortes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Sturdavant appeals the district court's denial of his motion to compel the Government to file a motion for downward departure pursuant to USSG § 5K1.1 (1998). For the reasons that follow, we affirm his sentence.

In reviewing a claim that a plea agreement has been breached, we review claims regarding what the parties said or did for clear error, and review the application of the law to the facts de novo. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994). Sturdavant claims on appeal that he was entitled to a § 5K1.1 motion because the "[G]overnment announced in open Court that it would file the 5K1.1 motion and move the Court to depart modestly based upon the entry of the plea." See Sturdavant's Brief, at 6. According to Sturdavant, the Government breached the plea agreement when it "did not file the motion as promised." See id.

Sturdavant bases his argument on the Government's statement, prior to the preparation of the written plea agreement, that it would agree to a downward departure based on Sturdavant's cooperation if the prosecutor's supervising attorney agreed to such a promise. However, when the plea agreement was later reduced to writing, it expressly disclaimed such a promise. (J.A. 60, ¶ 4d). Sturdavant signed the written agreement and acknowledged at the plea hearing that the Government had not promised to move for a departure. His reliance on this court's holding in United States v. Conner, 930 F.2d 1073, 1075 (4th Cir. 1991), is therefore misplaced.

Moreover, although Sturdavant cites United States v. Maddox, 48 F.3d 791 (4th Cir. 1995), in support of his argument to overturn his sentence, he fails to allege or argue that the Government's refusal to file a § 5K1.1 motion was either based upon an unconstitutional motive or was not rationally related to a legitimate Government objective. See Maddox, 48 F.3d at 795. Therefore, his reliance on Maddox is similarly misplaced.

2

Accordingly, we affirm Sturdavant's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>