**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4878

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY PATTERSON, a/k/a Tony P,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:05-cr-00464-CMC-AL)

———————

Argued:  September 28, 2007          Decided:  January 14, 2008

———————

Before MOTZ, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Raymond A. JACKSON, United States District Judge for the Eastern
District of Virginia, sitting by designation.

———————

Affirmed by unpublished opinion.  Judge Jackson wrote the opinion,
in which Judge Motz and Senior Judge Hamilton joined.

———————

**ARGUED:** David Bruce Betts, Columbia, South Carolina, for Appellant.
Jane Barrett Taylor, Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.
**ON BRIEF:** Reginald I. Lloyd, United States Attorney, Columbia,
South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

JACKSON, District Judge:

Anthony Allen Patterson appeals the district court's refusal to continue his sentencing hearing, its finding that he violated his plea agreement, and its finding that he was not entitled to a Government motion for downward departure. For the reasons that follow, we affirm.

## I.

On May 18, 2005, Appellant Anthony Allen Patterson, along with 22 others, was charged in a 75 count superseding indictment for conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and various individual or jointly undertaken substantive drug distribution charges. J.A. 12-53. Subsequent to his arrest, Patterson signed a proffer agreement with the Government and agreed to cooperate. J.A. 54. As part of that agreement he was to be "fully truthful and forthright with the United States Attorney's Office...concerning all unlawful activities." J.A. 54. Additionally, the proffer agreement required Patterson to submit to a polygraph if requested. J.A. 55. As long as Patterson abided by all of its terms, the agreement provided that any statements made pursuant to that agreement would not be used against him. J.A. 56. This protection, however, did not extend to any information involving homicides or other crimes of extreme violence. J.A. 56.

On September 22, 2006, Patterson pled guilty pursuant to a written plea agreement. J.A. 9. Consequently, Patterson renewed his agreement to cooperate and submit to a polygraph if requested by the Government. J.A. 60-62. The plea agreement required Patterson to be truthful and forthright concerning "importation and distribution of controlled substances, money laundering, firearms offenses, income tax evasion and other unlawful activities..." J.A. 60. It also provided that the Government would move for a downward departure in the event that Patterson abided by all terms of the plea agreement and provided substantial assistance to the Government. J.A. 63-64.

During the plea hearing, the Government advised the Court that Patterson's cooperation resulted in substantial assistance to the Government, which would warrant a downward departure motion at the time of sentencing if he continued to abide by the terms of his plea agreement. J.A. 134-153. After his plea, the Government received information that Patterson may have been involved in an unsolved murder. J.A. 152-153. Instead of interviewing Patterson under the plea agreement and the original proffer, which required truthfulness without protection from self-incrimination, the Government offered him a revised proffer which would allow him to be forthright concerning the murder without risk of prosecution. J.A. 144-147, 153-154. Patterson signed the new proffer and was debriefed. However, he denied any knowledge of or involvement in the homicide. J.A. 154. Subsequently, Patterson took a polygraph and failed. J.A. 154.

3

A pre-sentence investigation was conducted and a report issued. J.A. 198-226. The case was initially scheduled for sentencing on May 24, 2006, but was cancelled and rescheduled for June 19, 2006. J.A. 9. At sentencing, the Government refused to file a motion for downward departure based upon the failed polygraph, which was a violation of Patterson's plea agreement. J.A. 163. The district court held that the nature of the homicides, involving "firearms offenses," required Patterson to provide truthful information regarding the murders and pass a polygraph to the Government's satisfaction. The court further held that because Patterson was unable to pass the test, the Government was not required to make a downward departure even though it confirmed Patterson had otherwise offered substantial assistance. J.A. 168.

Upon Patterson's motion, the court continued sentencing until July 20, 2006. J.A. 9-10. On July 14, 2006, Patterson again moved for a continuance. J.A. 10. The court granted Patterson's second motion and continued the hearing until August 14, 2006. The court noted that no further continuances would be granted. J.A. 10. On August 14, 2006, Patterson appeared for sentencing. J.A. 10. He again moved for a continuance in order to allow a psychiatrist to examine him and determine if there was an explanation for his failure to pass a polygraph other than being untruthful. J.A. 165-166. The motion was denied. J.A. 167. Patterson next moved to withdraw his guilty plea, claiming it was only entered because he had been assured that he had already earned a right to a downward

4

departure motion, thereby avoiding a life sentence.  The motion was also denied.  J.A. 165.  The district court then sentenced Patterson to life in prison.  J.A. 186.

II.

We review the district court's determination that Patterson breached the plea agreement as a question of fact.  Therefore, we are governed by the "clearly erroneous" standard.  United States v. Conner, 930 F.2d 1073 (4th Cir. 1991).

Patterson argues that the district court clearly erred when it determined that his failure to pass a polygraph regarding a ten year old unsolved and unrelated double homicide constituted a failure to abide by all the terms of his plea agreement. (Appellant's Br., 8.) He highlights Paragraph 4 of his plea agreement with the Government, which provides in part that he:

> agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in **their** investigation of...firearms offenses...and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning...firearms offenses...and other unlawful activities. (Emphasis added). (Appellant's Br., 11.)

Patterson essentially asserts that neither the United States Attorney's Office for the District of South Carolina nor any federal law enforcement agency was interested in or engaged "in the[] investigation of...firearms offenses" related to the unsolved 1997 murders in Richland County, South Carolina. Patterson argues that he was not questioned for the purpose of aiding any federal

5

investigation into "firearms offenses," but merely for the purpose of "helping a local Sheriff's office in its attempt to close a ten year old unsolved case." (Appellant's Br., 13.) Patterson argues that because information about the unrelated homicides was not required by the plea agreement, the district court was clearly erroneous in its determination that the attorneys for the Government were entitled to declare "their unquestionable obligation" to move for departure "null and void." Id.

The Government argues that Patterson's assertion that the issue on which he was tested was not covered by the plea agreement is without merit. (Appellee's Br., 12.) The plain language of Patterson's plea agreement required him to be fully truthful and forthright concerning *any* unlawful activities, to submit to a polygraph examination, and pass that examination to the Government's satisfaction. (Appellee's Br., 12.) The plea agreement does not limit the requirement of truthfulness or of passing a polygraph to matters *central* to the Government's case. The Government argues that it "has a significant and legitimate interest in testing the credibility of the defendant and in assessing his overall value as a potential witness." (Appellee's Br., 12.) Moreover, the Government argues that Patterson's plea agreement was designed to address these issues and, therefore, served its purpose.

The Court finds the district court did not clearly err when it determined Patterson's failure to pass a polygraph constituted a breach of his plea agreement. The Supreme Court calls for a

combination of contractual and constitutional waiver analysis in analyzing the formation and enforcement of plea agreements. See Santobello v. New York, 404 U.S. 257 (1971). The fairness of any voluntary agreement turns upon the parties' expectations that:(1) the plea agreement will be honored by the other party and (2) redress must be available when necessary in the courts. Id. at 260-262. This Court has stated that with predictability and reliance as the foundation of plea bargaining, the Court must apply fundamental contract and agency principles to plea bargains as the best means to fair enforcement of the parties' agreed obligations. United States v. McIntosh, 612 F.2d 835, 837 (4th Cir. 1979); see also United States v. Martin, 25 F.3d 211, 216-17 (4th Cir. 1994)(stating judicial interpretation of plea agreements is largely governed by law of contracts).

In determining whether the district court clearly erred when it determined that Patterson's failure to pass a polygraph constituted a breach of his plea agreement, the Court examined the text of the agreement. Paragraph five of Patterson's plea agreement states the following:

> The Defendant, ANTHONY PATTERSON, agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the Government. Defendant ANTHONY PATTERSON, further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Attorney's for the Government within the Agreement becoming null and void. J.A. 61, 62

7

Patterson agreed to submit to a polygraph examination if requested and his failure to pass resulted in the Government's obligation becoming null and void "at the Government's sole discretion." Id. Based on the clear language of the agreement, Patterson has failed to satisfy his burden of proving the district court committed clear error in its finding that his failure to pass a polygraph constituted a failure to abide by all the terms of his plea agreement.

## III.

We determine a district court's denial of a motion to continue to be an abuse of discretion only when that court exhibits "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Morris v. Slappy, 461 U.S. 1, 11-12 (1983). A determination not to grant a motion to continue is within the broad discretion of the district court. Id.

Patterson asserts that the district court abused its discretion when it refused to grant his request for a continuance of his sentencing hearing. (Appellant's Br., 13.) In support of this conclusion, Patterson avers that a continuance would not have caused undue delay and that a forensic psychiatrist indicated that the case seemed very unique. (Appellant's Br., 14.) Patterson further argues that he was clearly prejudiced by the denial of the requested continuance because without it, it was impossible to avoid a mandatory life sentence. (Appellant's Br., 15.) Under these unusual circumstances, Patterson asserts, the district court abused its

8

discretion in refusing a continuance of his sentencing hearing to allow a psychiatrist to determine the reason he failed the polygraph test. (Appellant's Br., 15.)

The Government claims Patterson's arguments are wholly without merit. The Government argues that it gave Patterson a "free pass" on the murder if he had truthfully admitted his participation. J.A. 153, 158. The Government previously advised that Patterson had substantially assisted the Government and, if he abided by all terms of the plea agreement, was entitled to a downward departure. J.A. 158. Therefore, if Patterson admitted the murder and passed a polygraph, he would not have suffered the consequences for the murder and would have received a motion for downward departure. J.A. 158. However, Patterson denied his involvement in the murder and failed a polygraph. As the Government points out, the district court denied the motion, stating:

> [A]t this point in the case, given the history of what has gone on, it is not reasonable to continue this case another time for sentencing to give a person who has had an opportunity to tell the truth an opportunity to try to convince the psychiatrist that because of some repressed memory he can't remember what happened. That is just farfetched. J.A. 171

The facts of this case do not evidence "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." See Slappy, 461 U.S. at 11-12.

Patterson had previously requested and obtained two continuances of his sentencing hearing, and the court had ordered that no further continuances would be granted. Despite this, the court considered Patterson's request and found that the basis for

9

continuance was "farfetched." Patterson has not cited any case in which this Court found an abuse of discretion on facts similar to facts in this case.  On the other hand, there is ample precedent which establishes that the district court has broad discretion in denying continuance motions. See United States v. Hedgepeth, 418 F.3d 411, 423-24 (4th Cir. 2005)(no abuse of discretion to deny continuance motion on eve of sentencing based upon allegation that attorney-client relationship deteriorated or on day of sentencing to investigate whether defendant was entitled to departure for diminished capacity); see also United States v. Attar, 38 F.3d 727, 735 (4th Cir. 1994)(no abuse of discretion to deny continuance to secure new counsel after allowing former counsel to withdraw at sentencing). Based on the above facts, the Court finds no error in the district court's denial of the motion to continue.

IV.

The district court's determination that Patterson's failure to pass a polygraph constituted a failure to abide by all the terms of his plea agreement and the district court's refusal to grant Patterson's request for a continuance of his sentencing hearing were proper.  Accordingly, for the reasons stated herein the judgment of the district court is affirmed.

AFFIRMED