<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4569**
_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

DERRICK SCOTT AYLOR,

                Defendant – Appellant.


_____

**No. 09-4577**
_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

DERRICK SCOTT AYLOR,

                Defendant – Appellant.


_____

Appeals from the United States District Court for the District
of Maryland, at Greenbelt.  Peter J. Messitte, Senior District
Judge.  (8:09-cr-00021-PJM-1; 8:08-cr-00489-PJM-1)

_____

Submitted:  April 1, 2010        Decided:  April 16, 2010

_____

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Jonathan C. Su, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Scott Aylor pled guilty, pursuant to a written plea agreement, to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (f) (2006). The district court calculated Aylor's total offense level under the U.S. Sentencing Guidelines Manual (2008) at 21 and his criminal history in Category IV, resulting in a Guidelines imprisonment range of 57 to 71 months on each count. The district court sentenced Aylor to 71 months' imprisonment. Aylor appeals and asserts on appeal that his guilty plea and sentence are void because the Government breached the plea agreement by failing to afford him an opportunity to participate in a presentence debriefing interview. The Government moves to dismiss the appeal, arguing that Aylor's knowing and voluntary waiver of his right to appeal his sentence bars this appeal. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400

(4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court fully questions a defendant at the Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, an appeal waiver does not bar the appeal of a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. See General, 278 F.3d at 399 n.4. Nor does it bar an appeal raising issues not within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Aylor knowingly and voluntarily waived the right to appeal his sentence[*] and that the district court fully questioned Aylor regarding that waiver. Accordingly, the waiver is valid.

Aylor claims that the appeal waiver is not enforceable because the Government breached the plea agreement. This court "will not enforce an otherwise valid appeal waiver against a defendant if the [G]overnment breached the plea agreement containing that waiver." United States v. Cohen, 459 F.3d 490,

---

[*] Pursuant to the plea agreement's appeal waiver, Aylor agreed to waive his right to appeal from any sentence within or below the advisory Guidelines range resulting from an adjusted offense level of 21.

4

495 (4th Cir. 2006). The Government breaches the plea agreement when a promise it made to induce the plea goes unfulfilled. See Santobello v. New York, 404 U.S. 257, 262 (1971). Because Aylor did not raise this issue in the district court, we review it for plain error. See Puckett v. United States, 129 S. Ct. 1423, 1428 (2009).

Although acknowledging that the written plea agreement contains no provision obligating the Government to afford him the opportunity to participate in a presentence debriefing interview, Aylor claims that the agreement was modified by statements made during the guilty plea and sentencing hearings. As a general rule, "integrated written plea agreements are not open to oral supplementation." United States v. Martin, 25 F.3d 211, 217 n.4 (4th Cir. 1994). However, this court has recognized exceptions to this rule in particular circumstances where the Government has made affirmative representations in open court. See United States v. Wood, 378 F.3d 342, 349-50 (4th Cir. 2004); Martin, 25 F.3d at 214-17.

After review of the record, we conclude that the plea agreement was not orally supplemented to include a provision requiring the Government to afford Aylor the opportunity to participate in a presentence debriefing interview. Accordingly, the Government did not breach the plea agreement by failing to afford Aylor such an interview. Aylor's claim of breach

5

therefore fails, and the plea agreement and its appeal waiver are enforceable against Aylor. Because Aylor's challenge to his sentence falls within the waiver's scope, we grant the Government's motion to dismiss in part. Although Aylor's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of any challenges to the validity of Aylor's conviction. Consequently, we deny the motion to dismiss in part.

Turning, then, to Aylor's conviction, Aylor claims on appeal that his guilty plea is void as a result of the Government's breach of the plea agreement. While this claim is not barred by the appeal waiver, we conclude it is without merit. Accordingly, we affirm Aylor's conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART