**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-6300

FLOYD WARREN EDWARDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-94-140, CA-97-330-5-F)

Argued: January 28, 2000

Decided: February 25, 2000

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Peter O'Hale, Smithfield, North Carolina; Thomas
Peter McNamara, Raleigh, North Carolina, for Appellant. Anne Mar-
garet Hayes, Assistant United States Attorney, Raleigh, North Caro-
lina, for Appellee. **ON BRIEF:** Jeffrey M. Cook, Smithfield, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

We must determine whether the United States breached a plea agreement with Floyd Warren Edwards by failing to file a Rule 35(b) motion on his behalf. Because we conclude that a breach occurred, we vacate Edwards' sentence and remand the case for resentencing.

I.

After his arrest and indictment for conspiracy to distribute and possession with intent to distribute cocaine, Floyd Warren Edwards entered into a plea agreement with the United States. In return for Edwards' guilty plea and his promise to cooperate in future prosecutions, the United States agreed, inter alia, to "make known to the Court at sentencing the full extent of the Defendant's cooperation, including whether the Government deems the Defendant to have substantially assisted authorities." The agreement specifically states, however, that "the Government is not promising to move for departure pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. § 5K1.1."

Between the time of his guilty plea on February 6, 1995, and his sentencing on July 7, 1995, Edwards provided the Government with names of drug dealers and information about their operations, and he agreed to testify in the case of an accused dealer who ultimately pled guilty. At the time of sentencing, however, the Government did not deem Edwards' assistance to have been "substantial" and therefore did not move for a departure pursuant to U.S.S.G.§ 5K1.1. Nor did the Government, as it had promised in the plea agreement, "make known to the Court . . . the full extent of the Defendant's cooperation"; instead the Government remained silent on this matter. The district court sentenced Edwards to 188 months in prison, the shortest sentence within the applicable Guidelines range.

2

Edwards continued to cooperate with the Government after being sentenced, apparently in hopes that the Government would move for a reduction of his sentence pursuant to Fed.R.Crim.P. 35(b), which provides: "If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person . . . ."

In January 1996, the Government indicted three defendants, Johnny Macon Pleasants, Fleming Macon Pleasants, and Douglas W. Pleasants, based in part on information provided by Edwards. Assistant United States Attorney Christine Dean, who had negotiated the initial plea agreement, told Edwards at this time that if he testified truthfully in the Pleasants' case, the Government would deem his assistance to have been "substantial." Edwards agreed to testify, even after learning that a funeral wreath had been left at a business run by his wife. One of the Pleasants defendants pled guilty, a result to which Edwards' cooperation contributed, the Government concedes. On July 8, 1996, one day after the deadline for filing a Rule 35(b) motion had passed, Edwards testified against a second Pleasants defendant who was ultimately convicted. Apparently due to an oversight, the Government never filed a 35(b) motion on Edwards' behalf.

Edwards petitioned the district court for resentencing pursuant to 28 U.S.C. § 2255, alleging that the Government had breached the plea agreement, and that his sentence therefore violated his right to due process. The Government acknowledged that it had an "implicit" agreement with Edwards to file a 35(b) motion in exchange for his testimony at the Pleasants' trial, and that, by not filing, it had "failed to fulfill" this agreement. The district court reluctantly denied the petition. Because the court could find "nothing of record here to which the Government or the movant or the court can point to identify a promise by the Government to reward movant for his cooperation," the court determined that it was "without jurisdiction to afford movant the relief he deserves."

On Edwards' motion for reconsideration, the court found that the Government had breached its earlier promise, contained in the written plea agreement, to "make known to the court at sentencing the full extent of defendant's cooperation, including whether the Government

3

deems the Defendant to have substantially assisted authorities." To remedy the breach, the court ordered AUSA Dean to file an affidavit detailing the assistance that Edwards had provided. The Dean affidavit states that, at Edwards' sentencing in July 1995, his cooperation had not yet amounted to substantial assistance, but that, at the time of the Pleasants' indictment in January 1996, "the Government told defendant's attorney that if defendant testified truthfully, he would have rendered substantial assistance." The prosecutor further explained that she had inadvertently failed to file a Rule 35(b) motion.

After a third hearing on the petition, the court denied Edwards further relief. The court still could not find evidence, in Dean's affidavit or elsewhere, of a promise to Edwards "that she would make a Rule 35(b) motion in exchange for his subsequent substantial assistance." Instead, it found only a statement by Dean that Edwards' testimony at the Pleasants' trial would constitute substantial assistance. Edwards appealed.

II.

The United States has an obligation, rooted in due process, to adhere to the terms of its plea agreements with criminal defendants. As we have previously observed, "a government that lives up to its commitments is the essence of liberty under law." United States v. Peglera, 33 F.3d 412, 414 (4th Cir. 1994). Thus,"when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).

In determining whether a breach of the plea agreement occurred, we are guided by principles of contract interpretation. See United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). When the facts are not in dispute, and we are called upon only to apply principles of contract interpretation to the facts, our review is de novo. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994).

Here, the salient facts are not in dispute. Both parties agree that they intended to be bound to additional promises, subsequent to the plea agreement. The Government acknowledges that, after the signing

4

of the plea agreement, it "made further representations about its willingness to evaluate Edwards' continued cooperation for the purpose of determining whether a motion for reduction of sentence would be filed." In early 1996, AUSA Dean told Edwards' attorney that by testifying in the Pleasants' case, Edwards would render"substantial assistance" to the Government, the predicate condition for a reduction of sentence motion under Rule 35(b). Dean's statement constituted an offer to file a Rule 35(b) motion on Edwards' behalf in exchange for his truthful testimony in the Pleasants' case--an offer that Edwards accepted. These expressions were "tantamount to and the equivalent of a modification of the plea agreement, albeit an oral one." Martin, 25 F.3d at 217.

We note that Edwards did not actually testify in the Pleasants' trial until July 8, 1996, one day after the filing deadline for a Rule 35(b) motion had passed. Arguably, then, although Edwards' willingness to testify had apparently already contributed to the guilty plea of one of the Pleasants defendants, and although the trial in which Edwards did testify had begun a week earlier on July 1, Edwards' assistance to the United States did not become fully "substantial" until his eligibility for a Rule 35(b) motion had lapsed.

We need not resolve this issue. Although Rule 35(b) imposes a one-year deadline on a motion by the Government for a reduction of sentence, the Rule was amended in 1991 to remove the requirement that the sentencing court rule on the motion within one year. The Advisory Committee noted that this change was intended to accommodate "situations where the defendant's assistance could not be fully assessed in time to make a timely motion which could be ruled upon before one year had elapsed." Fed.R.Crim.P. 35(b) Advisory Comm. Note to the 1991 amendment. The Advisory Committee further observed that the change would benefit all parties, in that it would "permit completion of the defendant's anticipated cooperation with the government." Id.

This Note appears to speak precisely to the situation at hand. Even if Edwards' cooperation had not become "substantial" within a year of the imposition of his sentence, a 35(b) motion would have been appropriate prior to this time to "permit completion" of Edwards' "anticipated cooperation." The contractual obligations undertaken by the

5

Government included an obligation to file such a motion once the Government realized that, due to the unpredictable progression of a jury trial, Edwards' anticipated and already bargained-for cooperation might not be completed within the one-year deadline. The district court would then have had the discretion, under the 1991 Amendments, to defer its decision on the motion until after Edwards had given his testimony.

In sum, the parties orally modified the original plea agreement. By failing to file a timely Rule 35(b) motion on Edwards' behalf, the United States breached the modified agreement. We reach this conclusion solely on the basis of the facts to which the parties have stipulated. We do not fault the district court for reaching the contrary conclusion, since it appears that the Government's factual concessions have become more specific and detailed on appeal.

III.

When the Government breaches a plea agreement, even if this breach is inadvertent, the defendant is entitled to a remedy that provides the benefit of the bargain. Under the unusual circumstances of this case, we must grant Edwards' requested relief and remand for resentencing. As we are required to do, we remand for resentencing by a different district judge. See Santobello , 404 U.S. at 263; Peglera, 33 F.3d at 415. At the new sentencing, the Government must satisfy its obligations under the modified sentencing agreement.

VACATED AND REMANDED

6