**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4168

PHILLIP ANDRE HATCHER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-98-187-DKC)

Submitted: February 24, 2000

Decided: March 3, 2000

Before MOTZ and KING, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender for the District of Maryland,
Beth M. Farber, Esquire, Chief Assistant Federal Public Defender,
Baltimore, Maryland, for Appellant. Lynne Ann Battaglia, United
States Attorney, Odessa Palmer Jackson, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Phillip Andre Hatcher pled guilty to possession with intent to deliver cocaine and carrying a firearm in relation to a drug trafficking crime and was sentenced to 156 months' imprisonment. Hatcher's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raises issues relating to Hatcher's plea agreement and sentence. Hatcher has filed his own supplemental brief in which he raises several issues. In accordance with the requirements of Anders, we have considered the briefs on appeal and examined the entire record for meritorious issues. We find no error and affirm.

The issues raised by counsel in her Anders brief pertain to the validity of the plea agreement, the adequacy of the Fed. R. Crim. P. 11 hearing, whether the waiver of appellate rights was knowing and voluntary, and whether the court properly sentenced Hatcher under the United States Sentencing Guidelines. This court reviews the validity of a plea agreement, the adequacy of a Rule 11 hearing, and the validity of a waiver of appellate rights de novo. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994); United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

The record on appeal discloses Hatcher entered his plea agreement knowingly and voluntarily and was fully advised of the consequences of his plea. In addition, he represented to the court that he understood the plea agreement, the charges to which he was pleading guilty, and the possible penalties he faced at sentencing. Hatcher further stated during the Rule 11 hearing that he fully understood the waiver of his right to appeal his sentence. We therefore find the plea agreement valid and enforceable. Because Hatcher validly waived his right to appeal his sentence and because his sentence does not exceed the stat-

2

utory maximum, we decline to address the sentencing issue raised in counsel's <u>Anders</u> brief.

In his pro se supplemental brief, Hatcher asserts that his counsel was ineffective, that there was an inadequate factual basis to support his guilty plea, that a defendant cannot knowingly waive his right to appeal a sentence, and that the Government breached the plea agreement. Because it does not conclusively appear in the trial record that counsel did not provide effective representation, we conclude that Hatcher's ineffective assistance claim should be raised in a 28 U.S.C.A. § 2255 (West Supp. 1999) proceeding. <u>See United States v. DeFusco</u>, 949 F.2d 114 (4th Cir. 1991). We find Hatcher's remaining claims meritless and affirm Hatcher's convictions and sentence.

This Court requires that counsel inform her client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>