**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4152**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

RICHARD HALLMAN, II,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.   Margaret B. Seymour, District Judge.  (CR-03-965)

———————

Submitted:  March 28, 2007               Decided:  May 10, 2007

———————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David B. Betts, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Hallman, II, pled guilty to distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). He was sentenced to 360 months of imprisonment. On appeal, he argues that the court erred in refusing to permit him to withdraw his guilty plea after the court rejected the sentencing range stipulated to by the parties in the plea agreement. We affirm.

In Hallman's plea agreement, he agreed to cooperate with and assist the Government by being "fully truthful and forthright" and submitting to polygraph examinations. In exchange, if Hallman complied with the agreement, the Government agreed to a stipulated sentencing range of between 108 to 135 months of imprisonment. The agreement provided that if the court rejected the plea agreement as the "appropriate disposition," Hallman would be allowed to withdraw his guilty plea. The agreement also provided that, if Hallman failed to meet his obligations under the agreement, the Government would not be obligated to recommended the reduced sentencing range and Hallman would not be entitled to withdraw his guilty plea. Following a change of plea hearing, the district court accepted Hallman's plea as knowing and voluntary.

Prior to sentencing, the Government informed the probation officer that Hallman had not fulfilled his obligations under the plea agreement, and therefore, it would not recommend the

stipulated sentencing range.  At sentencing, the district court agreed that, because Hallman breached the agreement, the stipulated range no longer applied and Hallman was not entitled to withdraw his plea.  Based on a guideline range of 360 months to life imprisonment, the court sentenced Hallman to 360 months.

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain.  United States v. Bowe, 257 F.3d 336, 345 (4th Cir. 2001).  Because of constitutional and supervisory concerns, the Government is held to a greater degree of responsibility for imprecisions or ambiguities in plea agreements.  United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir. 1986).  Where an agreement is ambiguous in its terms, the terms must be construed against the Government.  Id. at 303.  However, "[w]hile the government must be held to promises it made, it will not be bound to those it did not make."  United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986).  Factual questions are reviewed under the clearly erroneous standard while principles of contract interpretation are reviewed de novo.  United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994).

The plea agreement in this case was expressly made pursuant to  Fed. R. Crim. P. 11(e)(1)(c) and 11(e)(4), now Rule 11(c)(1)(C) and Rule 11(c)(5).  Under subsection 11(c)(1)(C), the government and the defendant may agree that a specific sentence or range is appropriate and such a recommendation binds the court once

the court accepts the plea agreement. Rule 11(c)(3) provides that, "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." The rules further provide that if the court rejects the plea agreement containing provisions of the type specified in Rule 11(c)(1)(C), the court must (1) inform the parties that the court rejects the plea agreement; (2) advise the defendant that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (3) advise the defendant that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea contemplated. Fed. R. Crim. P. 11(c)(5). In the event the court rejects the plea under Rule 11(c)(5), the defendant may withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(A).

Hallman does not dispute that he materially breached the plea agreement by failing to take a polygraph test. The gravamen of Hallman's appeal is that the district court rejected the plea agreement when it refused to sentence him within the stipulated sentencing range and therefore, under the agreement and under Rule 11(d)(2)(A), he was entitled to withdraw his plea. However, even though Rule 11(d)(2)(A) permits a defendant to withdraw his guilty plea if the court rejects his guilty plea under Rule 11(c)(5), in this case, the court expressly stated that it was not rejecting the plea agreement, but rather, enforcing it.

Although a stipulated sentence provision may be binding if the court accepts a plea agreement under Rule 11(c)(1)(C), the unique element in this case is that the stipulation was conditional. The agreement explicitly provides that the parties "stipulate and agree that <u>in the event the defendant complies with all provisions of this agreement</u>, the appropriate disposition of this case is a sentence between 108 months and 135 months." Hallman indisputably failed to comply with all of the provisions of the agreement. Furthermore, the agreement also provides that "if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that . . . the Defendant will not be permitted to withdraw his plea of guilty . . . ."[*] Although Hallman relies on language that allows him to withdraw his plea if the court rejects the stipulated sentence under the agreement as the appropriate disposition, when read in the context of the entire plea agreement, it is clear that the parties agreed that Hallman would be permitted to withdraw his plea only if he fully complied with his obligations under the agreement and the court nevertheless determined that the stipulated range was inappropriate.

---

[*]Although Hallman attempts to differentiate the consequences under the agreement of failing to be truthful and failing to take a polygraph, the district court found that Hallman breached the plea agreement with respect to both truthfulness and the polygraph.

Finally, Hallman contends that the Rule 11 colloquy was inadequate because the district court did not inform him that he would not be permitted to withdraw his plea if he breached the plea agreement. He argues that this omission, together with the court's statement that he could withdraw his plea if the court would not agree to the stipulated range, suggested that he could withdraw his plea if the stipulated range was not applicable for any reason. However, although not discussed during the plea hearing, the consequences of breaching the plea agreement were clearly set forth in the plea agreement. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2004)(enforcing appeal waiver contained in plea agreement but not reviewed during plea hearing); United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)(same). Hallman signed the agreement and acknowledged at the plea hearing that he discussed its provisions with his lawyer. None of the court's statements suggested Hallman would be entitled to withdraw his plea if he breached the agreement.

The court's decision not to apply the stipulated sentence was in accordance with the plea agreement as it provided for a stipulated sentence only upon the condition that Hallman fulfilled his obligations under the agreement. Hallman chose to deliberately breach the plea agreement, and the consequences of doing so, as clearly set forth in the agreement, are that he is no longer entitled to the stipulated sentencing range and he is not entitled

to withdraw his guilty plea.  Accordingly, we affirm Hallman's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED