**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4869**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

THESSALONIAS ANRE HOLMES,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, District Judge. (1:07-cr-00317-MBS-1)

Submitted:  May 5, 2010                    Decided:  May 28, 2010

Before MOTZ, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John C. Neiman, Jr., BRADLEY ARANT BOULT CUMMINGS LLP, Birmingham, Alabama, for Appellant.  John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thessalonias A. Holmes appeals his conviction and sentence of 121 months, imposed after he pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the United States breached its plea agreement in failing to move to reduce Holmes's sentence under Rule 35(b) of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3553(e) (2006), but concluding there are no meritorious grounds for appeal. Holmes filed a pro se supplemental brief, raising the same issue. The Government elected not to file a brief. We previously placed this case in abeyance pending the outcome of United States v. Peake, No. 08-5132. As our mandate has now issued in Peake, this case has been removed from abeyance, and is ripe for review.

When a claim of breach of a plea agreement has been preserved, we review the district court's factual findings for clear error and its "application of principles of contract interpretation de novo." United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001). However, because Holmes did not claim in the district court that the Government had breached the plea agreement, appellate review in this case is for plain error. Puckett v. United States, 129 S. Ct. 1423, 1428 (2009).

2

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. Bowe, 257 F.3d at 345. The government breaches the plea agreement when a promise it made to induce the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). Because of constitutional and supervisory concerns, the government is held to a greater degree of responsibility for imprecision or ambiguities in plea agreements. United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir. 1986). Where an agreement is ambiguous in its terms, the terms must be construed against the government. Id. at 300, 303. However, "[w]hile the [g]overnment must be held to the promises it made, it will not be bound to those it did not make." United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986). After reviewing the record, we find that the Government's failure to move for a downward departure or reduction in sentence was not in breach of the plea agreement. Accordingly, this issue is without merit.

In reviewing the remainder of the record, we note that Holmes's sentence appears procedurally unreasonable, as the district court failed to provide any explanation for imposing the sentence it did. We recently held, in United States v. Carter, 564 F.3d 325 (4th Cir. 2009), that a district court must conduct an "individualized assessment" of the particular facts of every sentence, on the record, whether the court imposes a

sentence above, below, or within the guidelines range. Id. at 330. Here, the district court summarized its reasons for Holmes's sentence as follows:

> Mr. Holmes, having calculated and considered the advisory sentencing guidelines and having also considered the relevant statutory sentencing factors that are contained in Title 18, United States Code Section 3553(a), it is the judgment of the court that the Defendant, Thessalonias Anre Holmes, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 121 months.

> The findings of fact of the presentence report are adopted as the reasons for the sentence and they are incorporated by reference.

Except for noting that its sentence was based on the findings of fact in the presentence report, the district court failed to provide any reasons why a guidelines sentence was appropriate for Holmes or why it chose to sentence him at the low end of the advisory guideline range. Therefore, it is clear that the district court failed to provide an individualized assessment as required by Carter.

However, Holmes did not object to the adequacy of the district court's explanation in the district court. Where a defendant does not object to a district court's failure to explain an imposed sentence, or otherwise preserve the issue for review by requesting a sentence shorter than the one he received, our review is for plain error. See United States v.

4

Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). Under plain error review,

> [A]n appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted). After reviewing the proceedings, we conclude any error the district court may have committed in failing to adequately explain Holmes's sentence did not affect Holmes's substantial rights, and is therefore not cognizable on appeal.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires counsel to inform Holmes, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests such

5

petition be filed, but counsel believes that doing so would be frivolous, counsel may move this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED