FILED: June 23, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 10-4050
(1:09-cr-00072-WO-1)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD WAYNE BRYANT,

Defendant - Appellant.

_____

O R D E R

_____

The Court withdraws the opinion filed June 23, 2011, and substitutes the attached opinion.

For the Court – By Direction

/s/ Patricia S. Connor

_____

Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4050**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RONALD WAYNE BRYANT,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00072-WO-1)

Argued:  May 12, 2011                    Decided:  June 23, 2011

Before TRAXLER, Chief Circuit Judge, GREGORY and DAVIS, Circuit Judges.

Vacated and remanded by unpublished opinion.  Judge Gregory wrote the opinion, in which Chief Judge Traxler and Judge Davis joined.

**ARGUED:** Mark Everette Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Harry L. Hobgood, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

This case involves interpreting the scope of the language in a restitution clause of a plea agreement. On November 24, 2009, in the Middle District of North Carolina, Ronald Wayne Bryant was sentenced to twenty-six months in prison and ordered to pay $110,325 in restitution. Bryant only appeals the order of restitution, arguing that the district court misconstrued the plea agreement when it held that the restitution clause encompassed losses from uncharged offenses as well as charged offenses. We agree and remand this matter for resentencing as to restitution only in accordance with our decision.

I.

Bryant was indicted on thirteen counts of making false claims to the IRS, in violation of 18 U.S.C. § 287 (2006). For our purposes, it is uncontested that Bryant submitted twenty-seven false tax returns from 2002 until 2006. Only thirteen of those false returns were included in the indictment. Following a Rule 11 plea colloquy, Bryant pled guilty to two of the thirteen counts with a written plea agreement.

The restitution clause of the plea agreement stated that Bryant "agree[d] to pay restitution for the total loss suffered by all victims which resulted from <u>and</u> is related to the

3

offenses charged in the Indictment." J.A. 19 (emphasis added). During the Rule 11 colloquy, the district court specifically reviewed the restitution clause with Bryant, explaining that it allowed the court to order "restitution for all of the offense conduct in the case." J.A. 28. When asked for clarification, the district court further stated that "you are agreeing that the [c]ourt can order restitution for all of the offense conduct under the indictment without regard to whether it would fall under a dismissed count or a count to which you plead guilty." J.A. 29 (emphasis added).

The presentence report calculated Bryant's guidelines sentence to be twenty-one to twenty-seven months. The presentence report also calculated his restitution to be $110,325 including all twenty-seven fraudulent tax returns. Bryant objected to the amount of restitution. He argued that the restitution should be limited to losses from the thirteen offenses charged in the indictment, which totaled $54,295.

At the sentencing hearing, Bryant renewed his objection to the amount of restitution. He argued that his understanding of the plea agreement was that he would pay restitution for the indicted charges, including those that were dismissed, but not for any conduct outside the indictment. After hearing from the government, the district court found that the broadly worded language of the restitution provision encompassed losses

4

resulting from the additional uncharged fraudulent tax returns filed by Bryant. The district court sentenced Bryant to twenty-six months' imprisonment and ordered restitution in the amount of $110,325. Bryant timely appealed.

## II.

We review orders of restitution for abuse of discretion. United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court may order restitution for non-convicted conduct based on a defendant's plea agreement. 18 U.S.C. § 3663(a)(3) (2006). When, as here, the parties dispute the interpretation of language in the plea agreement, we apply basic contract principles. United States v. Jordan, 509 F.3d 191, 195 (4th Cir. 2007). However, "we analyze a plea agreement with greater scrutiny than we would apply to a commercial contract. We thus hold the Government to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements." Id. 509 F.3d at 196 (citations and quotations omitted).

In Hughey v. United States, the Supreme Court held that in the absence of clear statutory authority to do so, district courts lacked the authority to order restitution beyond convicted counts. 495 U.S. 411, 442 (1990). In response, Congress passed a statute which stated that "courts may also

5

order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663 (a)(3) (2006). This essentially overturned Hughey by allowing plea agreements to expand the courts' authority to order restitution.

In our analysis, we first turn to the language of the plea agreement. It states that restitution can be ordered for losses "which resulted from and is related to the offenses charged in the Indictment." J.A. 19 (emphasis added). Therefore, the losses covered by the order of restitution must be both related to the indicted offenses and result from them. Though they might be related to Bryant's "offense conduct," the losses from the (uncharged) fourteen separately prepared tax returns clearly do not "result from" the charged offenses. Based on this record, each unique tax return was prepared and filed separately and did not occur as the result of another tax return being filed. Therefore, we conclude that the language in the plea agreement can be fairly interpreted as ambiguous.

Where there are ambiguities in a plea agreement, courts may look to extrinsic evidence to show that the parties to the agreement had "mutually manifested their assent to [] an interpretation Jordan, 509 F.3d at 200 (citation omitted). Here, the district court's guidance to the defendant on restitution at the plea colloquy cleared up any existing ambiguities. The court explained that restitution included "all

6

of the offense conduct <u>under the indictment</u> without regard to whether it would fall under a dismissed count or a count to which you plead guilty," effectively limiting restitution to the losses arising from charges in the indictment. J.A. 29 (emphasis added). The district court's explanation confirms the defendant's interpretation on appeal, and makes clear that the defendant correctly believed that in pleading guilty, the scope of his restitution obligation would be the charged offenses.

The government makes much out of two statements made during the plea hearing. At one point, defense counsel noted that "[Bryant] agrees to pay restitution for the total loss suffered by all victims in the case." J.A. 26. Later, the district court noted that the defendant agreed to pay "restitution for all of the offense conduct in the case." J.A. 28. However, both of these statements were made before the court's above quoted clarifying statement and do not clearly manifest an intent to include the uncharged offenses in the order of restitution.

Further, the government argues that "related to" must mean the additional tax returns otherwise it would be superfluous language. Bryant argues that "related to" was meant to encompass legal expenses and fees for the people named on the illegal tax returns. However, the district court determined that the government was the only victim in this scheme and thus

7

these related expenses, anticipated in the plea agreement, were not applicable.  Since "related to" is susceptible to multiple interpretations, we construe it against the government and find that it was meant to encompass only the extraneous expenses suffered by Bryant's clients.  United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986).

III.

In conclusion, we find that the plea agreement's restitution clause was, at best, ambiguous and thus, construing ambiguities against the government, find that it does not encompass uncharged offenses.  Accordingly, this matter is

VACATED AND REMANDED FOR RESENTENCING AS TO RESTITUTION ONLY.