KISER, Senior District Judge,
concurring:
I join the majority opinion in full with the exception of Part II. Although I agree with the majority’s ultimate conclusion that Davis is not entitled to the relief he seeks for breach of the plea agreement and that the judgment of the district court should be affirmed, I arrive at that conclusion via a somewhat different route. Accordingly, I write separately.
Specifically, I disagree with the majority’s determination that the government did not breach the plea agreement in this case. The majority correctly states that plea agreements are subject to ordinary contract law principles. Ante at 353. Nevertheless, because a plea agreement implicates the integrity of the justice system, courts “hold ‘the Government to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for impreeisions or ambiguities in plea agreements.’ ” United States v. Wood, 378 F.3d 342, 348 (4th Cir.2004) (quoting United States v. Harvey, 791 F.2d 294, 300 (4th Cir.1986)); United States v. McQueen, 108 F.3d 64, 66 (4th Cir.1997). This heightened responsibility on the part of the government extends beyond the negotiation and drafting of the plea agreement to all matters relating to it. Wood, 378 F.3d at 348-49 (citing United States v. Martin, 25 F.3d 211, 217 (4th Cir.1994)). During the Rule 11 plea colloquy, therefore, the parties must disclose all material terms of the plea agreement, and the district court must confirm the defendant’s understanding of these terms. Id. at 349 (citing United States v. Moore, 931 F.2d 245, 249 (4th Cir.1991); Hartman v. Blankenship, 825 F.2d 26, 28 (4th Cir.1987)). “Because the purpose of the plea colloquy is to establish that the defendant knowingly and voluntarily enters his plea ... he will naturally ... rely on the district court’s characterization of the material terms disclosed during the hearing.” Id. (citing United States v. Buchanan, 59 F.3d 914, 918 (9th Cir.1995); United States v. Moore, 931 F.2d 245, 249 (4th Cir.1991)). Therefore, where the government acquiesces in the district court’s pervasive mischaracterization of a material term, it effectively modifies and, thus breaches, the terms of the plea agreement. Id. (citing Buchanan, 59 F.3d at 917-18).
The majority finds that the government made Davis no promise regarding his maximum sentence. It reasons that “the government agreed to make a series of ‘nonbinding recommendations’ but did not *360 promise a particular sentence.” Ante at 353. It is true that the plea agreement does not in so many words “promise” or “guarantee” Davis that he will receive a particular sentence. Nevertheless, the plea agreement assures Davis, in clear, declarative language, that “[t]he maximum penalty to which the defendant will be exposed by virtue of his plea of guilty ... is: imprisonment for a period of (10) ten years.” J.A. 56. Moreover, as the majority acknowledges, ante at 351-52, this misrepresentation was compounded by the court during the Rule 11 colloquy. At that time, the court reiterated more than once that Davis would not “in any event receive a greater sentence than the statutory maximum [of ten years].” J.A. 32, 34 (emphasis added). Thus, Davis was repeatedly told, in no uncertain terms, that he would not, under any circumstances, receive a sentence greater than ten years. A reasonable person in Davis’s position would have believed, based on the plea agreement language and the court’s characterization of its terms, that he would not receive a sentence greater than ten years. I find that such clear assurances constitute a promise for the purposes of a plea agreement.
In further support of its determination that the government did not breach the plea agreement, the majority points out that the agreement explicitly disclaims any “representations ... as to what the final disposition in this matter should and will be.” J.A. 57. The court reiterated this language during the plea colloquy. J.A. 32, 34, 51-52. Nevertheless, this language does not effectively negate the plea agreement’s assurances that Davis will not receive a sentence of greater than ten years. The court did not explain that factors contained in Davis’s Presentence Report could result in a sentence above the ten year statutory maximum. Davis would (and probably did) reasonably understand this qualifying language to mean only that factors contained in the Presentence Report would result in an as yet unspecified sentence somewhere within the range of the ten year maximum. Neither the written plea agreement nor the court clarified that such factors could result in a mandatory minimum of greater than ten years. At best, therefore, the language relied on by the majority renders the plea agreement ambiguous.[1] The court’s explanation to Davis during the plea colloquy essentially reiterated this ambiguity and did not cure it.[2] In light of the heightened responsibility on the part of the government to eliminate ambiguity, I would find that the government breached the plea agreement in this case. The majority’s finding invites great uncertainty by allowing the government to include serious misrepresentations in plea agreements provided that it also includes imprecise boilerplate language disclaiming any guaranteed outcome.
Nevertheless, I ultimately agree with the majority that Davis is not entitled to the relief he seeks. Because Davis did not *361 object to breach of the plea agreement below and raises this issue for the first time on appeal, we must affirm the sentence imposed by the district court unless Davis can demonstrate plain error. Puckett v. United States, 556 U.S. 129, 133-34, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Plain error review comprises four steps: (1) “there must be an error or defect— some sort of ‘[deviation from a legal rule’ — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by appellant;” (2) “the legal error must be clear and obvious, rather than subject to reasonable dispute;” (3) “the error must have affected the appellant’s substantial rights, which in the ordinary case means he must demonstrate that it ‘affected the outcome of the district court proceedings;’ ” and (4) “if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error— discretion which ought to be exercised only if the error ‘seriously affeet[s] the fairness, integrity or public reputation of judicial proceedings.’ ” Id. at 135, 129 S.Ct. 1423 (quoting United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Even if the government’s breach of the plea agreement satisfies the first two steps, Davis cannot show that the breach affected the outcome below and, therefore, cannot satisfy the third step.
“[T]he question with regard to prejudice is not whether [the defendant] would have entered the plea had he known about the future violation. When rights acquired by the defendant relate to sentencing, the ‘outcome,’ he must show to have been affected is his sentence.” Puckett, 556 U.S. at 142 n. 4, 129 S.Ct. 1423 (internal citation omitted) (emphasis added). This is consistent with the Fourth Circuit’s rule that, “[i]n the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed ‘was longer than that to which he would otherwise be subject.’ ” United States v. Holmes, 380 Fed.Appx. 367, 369 (4th Cir. 2010) (quoting United States v. Washington, 404 F.3d 834, 849 (4th Cir.2005)). “The defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway ... or because he likely would not have obtained those benefits in any event.” Puckett, 556 U.S. at 141-42, 129 S.Ct. 1423. Davis’s assertion that he would not have pled guilty but for the government’s promise of a ten-year maximum, therefore, is insufficient to show prejudice under Puckett. Where an appellant asserts breach of a plea agreement, he must show that his sentence would have been different but for the government’s breach. Davis cannot make such a showing. Because Davis was subject to a mandatory statutory minimum under the ACCA, the government’s breach of the plea agreement had no effect on his ultimate sentence. United States v. Robinson, 404 F.3d 850, 862 (4th Cir.2005) (“[A] district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction.”).
In sum, although I ultimately agree with the majority’s resolution of this case, I arrive at that resolution by a different path as set forth above. In all other respects, I join the majority opinion in full.

. " '[W]hether a written agreement is ambiguous or unambiguous on its face should ordinarily be decided by the courts as a matter of law....' ” United States v. Jordan, 509 F.3d 191, 195 (4th Cir.2007) (quoting Harvey, 791 F.2d at 300).

. This Court has held that "[w]here there are ambiguities in a plea agreement, courts may look to extrinsic evidence to show that the parties to the agreement had 'mutually manifested their assent to [] an interpretation.’ ” United States v. Bryant, 436 Fed.Appx. 254, 256 (4th Cir.2011) (quoting Jordan, 509 F.3d at 200). In particular, the district court’s guidance to the defendant during the plea colloquy may be sufficient to cure any ambiguity in the plea agreement. Id. During the plea colloquy in this case, the court did little more than reiterate the ambiguous terms of the plea agreement.