**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4106**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STEPHEN LAROY JONES,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:11-cr-00079-AW-1)

---

Submitted: August 23, 2012          Decided: September 5, 2012

---

Before WILKINSON, KING, and THACKER, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Jerome M. Maiatico, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; William Moomau, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Laroy Jones pled guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Jones to 120 months' imprisonment for the firearm offense and 130 months' imprisonment for the controlled substance offense, to run concurrently. Jones appeals.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the court committed procedural sentencing error. Jones was notified of his right to file a pro se supplemental brief but declined to do so. The Government moves to dismiss the appeal in part, based on the appellate waiver provision in Jones's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive his right to appeal, and (2) the issues raised on appeal fall within the

2

scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

Our review of the record indicates that Jones's waiver was valid and enforceable as to issues within its scope. The court specifically questioned Jones regarding the terms of his written appeal waiver to ensure that he understood the rights he was waiving. Jones testified that he reviewed the agreement in full with counsel and understood its terms, and his college education and firm understanding of the English language further support this conclusion. See Manigan, 592 F.3d at 628; Blick, 408 F.3d at 169. While the parties appear to have clarified the terms of their agreement orally on the record, Jones testified that he fully understood the waiver provision as clarified by the parties, and this clarification inured to Jones's benefit. We therefore conclude that Jones knowingly and intelligently waived his appellate rights.

As clarified during the plea colloquy, Jones's appellate waiver provided that he waived his right to appeal his convictions and sentence if he received a sentence below 150 months' imprisonment.[*] Jones in fact received such a sentence

---

[*] Assuming, without deciding, that this oral clarification did not constitute a binding modification of the agreement, see United States v. Martin, 25 F.3d 211, 217 n.4 (4th Cir. 1994) ("[I]ntegrated written plea agreements are not open to oral supplementation." (internal quotation marks omitted)); but see (Continued)

3

and therefore waived his right to appeal both his convictions and sentence. However, the Government has not sought to enforce the appeal waiver to preclude challenges to the voluntariness of Jones's guilty plea. Because we will not sua sponte enforce an appellate waiver, see Blick, 408 F.3d at 168 (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)), we conclude that Jones's appellate waiver does not foreclose a challenge to the voluntariness of his plea.

In accordance with Anders, we have reviewed the record in this case and have found no non-waivable meritorious issues for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal of Jones's convictions and sentence, except as to the voluntariness of his guilty plea and non-waivable sentencing and conviction issues. We also deny the motion to dismiss in part and affirm the district court's judgment as to the voluntariness of Jones's guilty plea and all

---

United States v. Wood, 378 F.3d 342, 348-50 (4th Cir. 2004) (finding effective modification of plea agreement through repeated mischaracterization of agreement's terms by court and "the Government's affirmative acquiescence in the court's explanation"), Jones's written appeal waiver precluded Jones from appealing his convictions or any sentence above the applicable Guidelines range (here, 120 to 150 months). On the facts presented, we conclude that Jones knowingly and intelligently waived his appellate rights under either waiver provision. We further conclude that, given Jones's sentence, the waiver provisions are identical in scope and operate to preclude the same issues on appeal.

4

non-waivable issues. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART